IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| N A. Lambrecht and Jeffrey P. Jannett, Derivatively and on Behalf of Nominal Defendant Eli Lilly & Company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Sidney Taurel, John C. Lechleiter, Sir Winfried Bischoff, J. Michael Cook, Franklyn G. Pendergast, Kathi P. Seifert, George M. Fisher, Alfred G. Gilman, Martin S. Feldstein, J. Erik Fyrwald, Ellen R. Marram, Sir John Rose, Charles E. Golden, Steven C. Beering, August M. Watanabe, Linda Lay, Randall L. Tobias and J. Clayburn LaForce, Jr.,<br><br>　　　　Defendants.<br><br>　　-and-<br><br>ELI LILLY & COMPANY,<br><br>　　　　Nominal Defendant. | Civil Action No. 08-cv-0068 WTL-TAB |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

The above-captioned matter, having come before the Court for hearing, as noticed, on _____ \_\_, 2010, at \_\_\_\_ \_.m., pursuant to the Order of this Court, dated _____ \_\_, 2010 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order; and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all Persons having any objection to the proposed settlement of the Derivative Actions (the "Settlement") embodied in the Stipulation of Settlement, dated February 25, 2010 (the "Stipulation"), the request for attorneys' fees, inclusive

- 1 -

of expenses, or the payment of incentive awards to Plaintiffs, having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor;

THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same definitions as used in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned action (the "Federal Derivative Action") and the Settling Parties.

3. Based upon the evidence submitted by Plaintiffs' Counsel, this Court finds that the form and the method of dissemination of both the Settlement Notice and the Summary Notice, as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein. A full opportunity has been offered to Lilly Shareholders to object to the Settlement and to participate in the hearing thereon.

4. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate, and in the best interests of Lilly and Lilly Shareholders. In making this determination, the Court has considered the substantial benefits the Settlement provides Lilly, taking into account among other factors the risks of establishing liability and proving damages, the complexity, expense, and likely duration of the litigation, and the stage of the proceedings.

5. The Court finds, for settlement purposes, that: (i) the Derivative Actions were properly brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure

23.1; and (ii) the Plaintiffs adequately represent the interests of Lilly Shareholders in enforcing the rights of Lilly.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. Subject to the provisions herein, this Court hereby dismisses the Federal Derivative Action with prejudice and in its entirety, on the merits, as against all of the Settling Defendants, with each Settling Party to bear its own costs, except as set forth in Paragraph 10 below.

8. Upon the Effective Date, each of the Releasing Parties on behalf of himself, herself, and/or itself and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties, will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims, and covenant not to bring any Released Claims.

9. Upon the Effective Date, each of the Settling Defendants, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors,

successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasing Parties and Plaintiffs' Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions and/or the Released Claims.

10. Plaintiffs' Counsel are hereby awarded attorneys' fees of $_____, inclusive of expenses, plus interest as set forth in the Stipulation of Settlement. This Court finds that these amounts are fair and reasonable under the facts and circumstances of this case. Payment of such award shall be made in accordance with the provisions of the Stipulation.

11. Named Plaintiffs are hereby awarded incentive payments in an aggregate amount of $_____, in recognition of their efforts in initiating and pursuing this litigation. This amount shall be paid from the award of attorneys' fees provided for in paragraph 10 above.

12. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation.

13. Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is, may be construed as or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Settling Defendants of any fault, wrongdoing or concession of liability whatsoever.

14. Neither this Stipulation nor the attached exhibits shall be offered or received into evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of this Stipulation, except that this Stipulation and the attached exhibits may be filed as evidence of the Settlement or in any action against the Released

Parties to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

15.  This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Claims.  No Settling Party may assert in any forum that the Derivative Actions were brought, commenced, or prosecuted by Plaintiffs or their counsel, or defended by the Settling Defendants or their counsel, in bad faith or that the Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel.  No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Derivative Actions may be brought by any Settling Party.

16.  The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged, and decreed.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.  Entry of the Order and Final Judgment settles and disposes of and discharges all of the Released Claims.  In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall

be deemed without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition, and may not be used in any manner or for any purpose in the litigation of any of the Derivative Actions or in any other action or proceeding.

IT IS SO ORDERED.

Dated: _____, 2010                                      _____