IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| N A. Lambrecht and Jeffrey P. Jannett, Derivatively and on Behalf of Nominal Defendant Eli Lilly & Company, <br><br>    Plaintiffs, <br><br>  v. <br><br> Sidney Taurel, John C. Lechleiter, Sir Winfried Bischoff, J. Michael Cook, Franklyn G. Pendergast, Kathi P. Seifert, George M. Fisher, Alfred G. Gilman, Martin S. Feldstein, J. Erik Fyrwald, Ellen R. Marram, Sir John Rose, Charles E. Golden, Steven C. Beering, August M. Watanabe, Linda Lay, Randall L. Tobias and J. Clayburn LaForce, Jr., <br><br>    Defendants. <br><br>  -and- <br><br> ELI LILLY & COMPANY, <br><br>    Nominal Defendant. | Civil Action No. 08-cv-0068 WTL-TAB |

**PRELIMINARY APPROVAL ORDER**

This matter came before the Court on the application of the Settling Parties for preliminary approval of the proposed settlement (the "Settlement") of the Derivative Actions as set forth in the Stipulation of Settlement, dated February 25, 2010 (the "Stipulation"). Due and adequate notice having been given to the Settling Parties, and the Court having considered the Stipulation and all other papers filed and proceedings had herein and otherwise being fully advised in the premises and good cause appearing therefore, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise noted.

2. The Court preliminarily approves the Settlement, as set forth in the Stipulation.

3. The Court will hold a settlement hearing on April 29, 2010 at 10:00 a.m. in Courtroom 307, United States Courthouse, Southern District of Indiana, 46 E. Ohio Street, Indianapolis, IN 46204 (the "Settlement Hearing") to: (i) determine pursuant to Federal Rule of Civil Procedure 23.1 whether to grant final approval of the Settlement as fair, reasonable, and adequate, and in the best interests of Lilly and Lilly Shareholders; (ii) hear and determine any objections to the Settlement; (iii) determine whether a Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered; (iv) rule upon an application by Plaintiffs' Counsel for an award of attorneys' fees, inclusive of expenses; (v) rule upon an application for payment of incentive awards to Plaintiffs; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Settlement Hearing may be continued without further notice to Lilly Shareholders.

4. The Garden City Group is appointed the Notice Administrator in this matter.

5. The Notice of Eli Lilly & Company Settlement of Derivative Claims, including the date and time of the Settlement Hearing (the "Settlement Notice"), shall be provided by first class mail to Lilly Shareholders within five (5) days following the entry of this Order, which Settlement Notice shall be substantially in the form of the Settlement Notice attached as Exhibit D to the Stipulation.

6. In addition, the Summary Notice of Pendency of Shareholder Derivative Action, Proposed Settlement, and Settlement Hearing ("Summary Notice"), substantially in the form of the Summary Notice attached as Exhibit E to the Stipulation, shall be published once in *The Wall Street Journal*, not later than ten (10) days following the entry of this Order.

7. At or prior to the Settlement Hearing, Plaintiffs' Counsel shall file proof by affidavit or declaration of the dissemination of the Settlement Notice and publication of the Summary Notice as set forth herein.

8. The Settlement Notice and Summary Notice, disseminated in accordance with the provisions of paragraphs 5 and 6 above are hereby preliminarily found to be reasonable and sufficient under the circumstances, and to comply with the provisions of Federal Rule of Civil Procedure 23.1 and the requirements of due process of the United States Constitution, and to constitute due and sufficient notice to all Persons affected by the proposed Settlement, or entitled to participate in the Settlement Hearing regarding the Derivative Actions.

9. No later than April 1, 2010, Plaintiffs' Counsel shall move for final approval of the Settlement and may petition for award of attorneys' fees, inclusive of expenses, and for incentive awards to Plaintiffs to be paid from any attorneys' fees the Court may award.

10. The Court will consider objections to the proposed Settlement or the application for attorneys' fees, inclusive of expenses, or payment of an incentive award to Plaintiffs at the Settlement Hearing, but only if such objections, and any supporting papers, are mailed to the Clerk of the Court, United States Courthouse, 46 E. Ohio Street, Room 105, Indianapolis, IN 46204, and to each of the following persons, TO BE RECEIVED NOT LATER THAN April 15, 2010:

>   Karen L. Morris
>   Morris and Morris LLC
>     Counselors At Law
>   4001 Kennett Pike, Suite 300
>   Wilmington, DE 19807
>   kmorris@morrisandmorrislaw.com
>   fax: (302) 426-0406
>
>   Richard D. Greenfield
>   Greenfield & Goodman LLC
>   780 Third Avenue, 48th Floor
>   New York, NY 10017
>   whitehatrdg@earthlink.net
>   fax: (410) 745-4158

    Co-Chairs of Plaintiffs' Executive Committee

    Robert L. Hickok
    Pepper Hamilton LLP
    3000 Two Logan Square
    Eighteenth and Arch Streets
    Philadelphia, PA  19103
    hickokr@pepperlaw.com
    fax: (215) 981-4750

    Counsel for Eli Lilly & Company

    Teri Cotton Santos
    Assistant General Counsel
    Litigation
    Eli Lilly and Company
    Lilly Corporate Center
    Indianapolis, Indiana 46285
    tcsantos@lilly.com
    fax: (317) 277-6534

    Counsel for Eli Lilly & Company

Written objections must provide a detailed statement of the objector's specific objections, and must include all documents such Person wishes the Court to consider, as well as a statement specifying the objector's name, address, telephone number, the number of shares of Lilly common stock currently owned, and the most recently available account statement evidencing such ownership.  Any Person who fails to object in this manner shall be deemed to have waived such objections and shall be forever barred from raising such objection or otherwise contesting the Settlement in this or any other action or proceeding.

    11.    Any Lilly Shareholder may appear at the Settlement Hearing, in person or by counsel, and show cause, if any:  (i) why the Settlement of the Derivative Actions should not be approved as fair, reasonable, and adequate, and in the best interests of Lilly; (ii) why attorneys' fees, inclusive of expenses, should not be awarded in the amount requested by Plaintiffs' Counsel; (iii) why an incentive award should not be paid to the named Plaintiffs; or (iv) why the Judgment should not be entered, provided, however, that no such Person shall be heard or be

entitled to contest the approval of the terms and conditions of the proposed Settlement, the fees or the reimbursement of expenses requested, an incentive award to Plaintiffs, or, if approved, the Judgment to be entered approving the same, unless by April 15, 2010, that Person has served, by hand, first class mail, or reputable express carrier upon each of the persons listed in paragraph 9 above, and filed with the Clerk of the Court, United States Courthouse, 46 E. Ohio Street, Room 105, Indianapolis, IN 46204, the following materials: (i) a notice of intention to appear at the Settlement Hearing; (ii) a statement specifying that Person's name, address, telephone number, the number of shares of Lilly common stock currently owned, and the most recently available brokerage account statement evidencing such ownership; (iii) a statement of such Person's position with respect to the Settlement, as well as all documents and writings which such Person desires the Court to consider, and the names of witnesses, if any, the Lilly Shareholder desires to present at the Settlement Hearing.

12. All reply papers in support of final approval of the Settlement or any petition for award of attorneys' fees, inclusive of expenses, or incentive awards to Plaintiffs must be filed by no later than April 22, 2010.

13. Nominees who hold Lilly common stock and receive the Settlement Notice shall send the Settlement Notice to all beneficial holders of Lilly common stock within ten (10) days after receipt thereof, or shall send a list of names and addresses of such beneficial holders to the Notice Administrator, as set forth in the Settlement Notice. Nominees may apply for, and shall be reimbursed for their reasonable and actual, out-of-pocket expenses incurred in identifying and notifying beneficial holders in accordance with the provisions of the Notice.

14. The Court reserves the right to approve the Stipulation with modifications agreed to by the Settling Parties and without further notice to any Lilly Shareholders, and retains jurisdiction over this action to consider all further applications arising out of or connected with the proposed Settlement.

15. Pending final determination whether the Settlement and Stipulation should be approved, all proceedings in this action, other than proceedings necessary to carry out the terms

and conditions of the Settlement, are stayed, and the Plaintiffs and/or every Lilly Shareholder, or any of them, are preliminarily barred and enjoined from (a) commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties, or (b) challenging the Settlement other than in this action in accordance with the procedures established by the Court.

16. Neither the Stipulation, nor the Exhibits thereto, nor any document referred to therein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Released Parties, or any of them, of any fault, wrongdoing or liability whatsoever.

17. In the event the Settlement is not approved by the Court, or is terminated for any reason, the Settlement and all of its terms shall be null and void, of no further force or effect, without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person. In addition, the Settling Parties shall be restored to their respective positions as of the date of the non-approval or termination of the Settlement, in accordance with provision 6.3 of the Stipulation.

March 1, 2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana