# CLERK

SUPREME COURT, COURT OF APPEALS, AND TAX COURT

## STATE OF INDIANA

217 STATE HOUSE, INDIANAPOLIS, IN 46204
317-232-1930 • FAX 317-232-8365

Kevin S. Smith
Clerk

Cause Number

ROY JACOBS, ESQ.
ROY JACOBS & ASSOC.
60 E. 42ND ST.
NEW YORK, NY  10165

94S00-0911-CQ-00508
Lower Court Number:
N/A

PIVEN, SYLVIA B., ET AL. V. ITT CORPORATION, INC.

You are hereby notified that the                         has on this day
                    SUPREME COURT                                   11/24/09
ISSUED THE ENCLOSED ORDER:

WITNESS my name and the seal of said Court,

this  24TH day of   NOVEMBER, 2009

*Kevin S. Smith*
Clerk, Supreme Court, Court of Appeals and Tax Court

# In the
# Indiana Supreme Court



FILED
NOV 2 4 2009

| | |
|---|---|
| IN RE ITT CORPORATION<br>DERIVATIVE LITIGATION   )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Supreme Court Cause No.<br>94S00-0911-CQ-508<br><br>U.S. District Court, S.D.N.Y<br>Case No. 07-CV-2878 (CS) |

### ORDER ACCEPTING CERTIFIED QUESTION

Pursuant to Indiana Appellate Rule 64, the United States District Court for the Southern District of New York has certified a question of Indiana state law for this Court's consideration. The question arises in In re ITT Corporation Derivative Litigation, Case No. 07-CV-2878 (CS) (S.D.N.Y.). The question, as framed by the federal district court, is:

> "What standard should be applied in determining whether a director is 'disinterested' within the meaning of Indiana Code § 23-1-32-4(d), and more specifically, is it the same standard as is used in determining whether a director is disinterested for purposes of excusing demand on the corporation's directors under Federal Rule of Civil Procedure 23.1 and Rales v. Blasband, 634 A.2d 927, 936 (Del. 1993)?"

The certified question, which each member of this Court has considered, is hereby ACCEPTED pursuant to Indiana Appellate Rule 64.

The Court further directs as follows:

a) There shall be **simultaneous and consolidated briefing** in this matter. The respective sides in the federal case are each allowed a single main brief and a single response brief. The plaintiffs' briefs shall be bound with blue covers; the defendants' briefs with red covers. The two main briefs shall, to the extent reasonably practicable, conform to the provisions of Indiana Appellate Rule 46(A), and may not exceed 8400 words, exclusive of the items listed in Indiana Appellate Rule 44(C). The two response briefs may not exceed 2400 words, exclusive of the items listed in Indiana Appellate Rule 44(C). Except to the extent this order directs otherwise, the four briefs shall substantially conform to the provisions of Indiana Appellate Rules 43 and 44. The briefs shall be accompanied by the verified statement of word count referred to in Indiana Appellate Rule 44(F).

b) In addition, an appendix shall be filed containing copies of documents from the federal court case that the parties believe are necessary or helpful for deciding the questions, including, as applicable, the items listed in Indiana Appellate Rule 50. It is anticipated that the parties will confer and agree on the materials to be included in an appendix. In addition to the matters included by the parties per their conference and agreement, the appendix shall also contain the Corporate Disclosure Statement filed in the District Court on or about November 30, 2007. The parties should avoid unnecessary inclusion in the appendix of "memorandums of law" filed in the district court, since all necessary legal arguments should be presented to this Court in the briefs described in the preceding paragraph. The cover of the appendix shall be blue and labeled "Plaintiff's Appendix." The original and eight copies of each brief, the original appendix, and any other filings in this matter shall be filed with the Clerk of the Indiana Supreme Court.

c) The two main briefs and the appendix must be filed by **Friday, January 15, 2010.** The two response briefs must be filed by **Friday, February 12, 2010.**

d) The parties shall file appearance forms within thirty (30) days of this order or contemporaneously with the first document filed by the appearing party, whichever comes first, as required by Appellate Rule 16(C). In addition, any attorney wishing to appear in this proceeding who has not been admitted to practice law in Indiana must comply with Indiana Admission & Discipline Rule 3, section 2, concerning temporary admission. The Court informs counsel that complying with Rule 3, section 2's requirements for temporary admission can, for some, prove somewhat time-consuming; therefore, affected counsel are encouraged to undertake meeting those requirements as soon as possible.

e) Extensions of time will be granted only in **truly extraordinary circumstances** and any motion seeking an extension of time must be made jointly by the parties. Failure by a party's counsel to comply with the requirements for temporary admission will not provide sufficient grounds for extending any deadline in this matter.

f) An order scheduling oral argument in this matter shall be issued at a later date.

The Clerk is directed to send a copy of this order to the Hon. Cathy Seibel, United States District Judge; to J. Michael McMahon, Clerk of the U.S. District Court for the Southern District of New York; to Robert L. Harwood and Samuel K. Rosen; to Laurence D. Paskowitz; to Joseph H. Weis, James E. Tullman, and David C. Katz; to Samuel R. Simon; to Judith Spanier and Orin Kurtz; to Roy Jacobs; to Jules Brody; to Paul C. Curnin and David Elbaum; to Susan E. Brune and Melissa S. Dassori; and to David G. Januszewski. The Clerk is also directed to post this order to the Court's website.

Done at Indianapolis, Indiana, this 24th day of November, 2009.

*Randall T. Shepard*
Randall T. Shepard
Chief Justice of Indiana

2