JERMAIN DUNNAGAN & OWENS, P.C.
HOWARD S. TRICKEY
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: 907/563-8844
907/563-7322 (fax)

Liaison Counsel

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| In re BP P.L.C. DERIVATIVE LITIGATION | ) Lead Case No. 3AN-06-11929CI )<br>) FINAL JUDGMENT ) |

APR 15 2008

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

WHEREAS, on February 1, 2008, the Parties entered into a Stipulation of Settlement ("Settlement Agreement") of the above-captioned action (the "Action"), which (together with all of its exhibits) is fully and entirely incorporated herein by reference; and

WHEREAS, the Court entered on February 5, 2008 an Order Preliminarily Approving Settlement, Directing Notice to Stockholders and Setting Hearing for Final Approval of the Settlement of February 1, 2008 (the "Hearing Order"), preliminarily finding that the proposed settlement is sufficient to warrant publishing the Notice to Stockholders, ordering publication of the Notice to Stockholders, scheduling a Fairness Hearing and providing those persons identified as Stockholders with an opportunity to object to the proposed settlement; and

WHEREAS, this Court held a Fairness Hearing on May 7, 2008, pursuant to the Court's Hearing Order; it appearing that due notice of such hearing has been given in accordance with the Hearing Order (the "Notice"); the Court having heard and considered submissions in support of the proposed Settlement Agreement; the respective parties to the Settlement Agreement having appeared and been heard through their attorneys of record at the hearing; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Hearing Order; the Court having determined that notice of the Settlement Agreement provided pursuant to the Hearing Order was adequate and sufficient; the Court having made an express determination that there is no just reason for delay in entering Final Judgment as to the Nominal Defendants and the Individual Defendants in accordance with the terms of the Settlement Agreement and the entire matter of the proposed Settlement Agreement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this ___7th___ day of ___May___, 2008 as follows:

1. Unless otherwise defined in this Final Judgment, the capitalized terms in this Final Judgment have the same meaning as they have in the Settlement Agreement.

2. Plaintiffs have held equity securities of BP continuously since the commencement of this Action and have prosecuted this Action on behalf of BP, the other Nominal Defendants and the Stockholders.

3. This Court has jurisdiction to approve the Settlement Agreement.

4. The requirements undertaken by BP pursuant to Sections III.A-III.E of the Settlement Agreement shall become effective on the Approval Date and shall continue in full force and effect for three years thereafter, at the conclusion of which they shall expire and BP shall have no further obligations under such Sections.

5. The Settlement Agreement and the proposed settlement are approved as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of Alaska and United States law, including the due process clauses of the Alaska and United States Constitutions, the Alaska Rules of Civil Procedure, the Rules of this Court and any other applicable law and are in the best interests of BP, the other Nominal Defendants and the Stockholders.

6. Upon the Effective Date, the Court's decision of May 17, 2007 is vacated as moot.

7. The Court directs the Nominal Defendants and Individual Defendants, upon the Effective Date, to dismiss as moot their appeal from the Court's decision of May 17, 2007.

8.  The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9.  The Settlement Agreement is binding on – and, as to all claims and issues that have or could have been raised in this Action, has *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings in any jurisdiction maintained by or on behalf of – the Parties and the Stockholders, as well as their past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates, including any person or entity controlled by, controlling or under common control with them.

10. BP has filed with the Court proof of publishing the Notice consistent with the directive in the Hearing Order. The Court finds that the Notice provided to the Stockholders pursuant to and in the manner directed by the Hearing Order (i) was reasonably calculated, under the circumstances, fully and accurately to inform the Stockholders of all material elements of the Action, the proposed Settlement Agreement, their right to object to the proposed Settlement Agreement and their right to appear and be heard in connection with the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement; and (ii) constituted valid, due and sufficient notice to all of the Stockholders in this Action and satisfied the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions and any other applicable law.

11. Plaintiffs' Counsel and Plaintiffs brought the Action in good faith and have adequately represented the interests of BP, the other Nominal Defendants and the Stockholders for purposes of entering into and implementing the settlement.

12. The text of the Release is expressly incorporated in all respects and in its entirety and forever discharges the Releasees from any claims or liabilities arising from or relating to the matters covered by the Release as follows:

(a) Plaintiffs, the Stockholders and the BP Group hereby release and discharge the Releasees from and shall not now or hereafter institute, participate in, maintain, maintain a right to or assert against the Releasees, either directly or indirectly, derivatively, on their own behalf or on behalf of any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for rescission, restitution, unjust enrichment or all damages of any kind, including those in excess of actual damages, whether based on federal, state, local or foreign law, statute, ordinance, regulation, contract, common law or any other source, that have been, could have been or might hereafter be alleged or asserted by Plaintiffs or any member of the BP Group against the Releasees in this Action, the Related Derivative Action or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicatory body that relate in any way, directly or indirectly, to the allegations contained in the Complaint or in any of the complaints filed in the Related Derivative Action, including, without limitation:

(i) All claims related to breach of fiduciary duty or waste of corporate assets arising out of or related to the 2005 explosion at the Texas City oil refinery,

the 2006 Prudhoe Bay oil spills and temporary shutdown, certain commodities trading activity, the acquisition of certain Russian assets and damage to the Thunder Horse oil platform in the Gulf of Mexico;

(ii) Any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations that have been, may be or could be directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the Related Derivative Action;

(iii) The salaries, bonuses and termination or other payments made to the Nominal Defendants' present and former executives or directors (i) at any time before the date on which the Release becomes effective; or (ii) if paid pursuant to an obligation entered into by any member of the BP Group before the date on which the Release becomes effective, then at any future time;

(iv) The Board's supervision and oversight of the BP Group's management and affairs through the Effective Date;

(v) All claims relating in any way, directly or indirectly, to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with the Settlement Agreement or the settlement of this Action (including, without limitation, all claims respecting the negotiation and execution of the Agreement);

(vi) Except as provided in the Settlement Agreement, any and all claims for attorneys' fees, expert witness fees or other costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs in this Action or by Plaintiffs

in this Action in connection with or in any way related to this Action or the settlement of this Action; and

(vii) Any breaches of fiduciary duty (or other duty placed upon corporate directors and officers by common law or statute) or obligations under federal, state or foreign law.

(b) Notwithstanding any other provision of this Section, nothing in the Release shall be deemed to release the claims currently pending in the Class Actions or preclude Plaintiffs or Stockholders who are members of any certified class in the Class Actions from participating in any relief awarded in the Class Actions.

(c) Notwithstanding any other provision of this Section, nothing in the Release shall be deemed to release claims unrelated to the subject matter of this Action, if any, that any member of the BP Group may have against any Releasee who files, commences, prosecutes, intervenes in or otherwise participates as an adversary in any action or proceeding against any member of the BP Group or who asserts any claims (including for contribution or indemnity) against any member of the BP Group in any action or proceeding.

(d) Plaintiffs and BP expressly understand that principles of law in some jurisdictions, such as Section 1542 of the Civil Code of the State of California, provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, must have materially affected his settlement with the debtor. To the extent that, as a result of or notwithstanding the choice of law provisions in the Settlement Agreement, California or other law may be applicable, Plaintiffs and BP expressly waive, with respect to Releasees, all

rights afforded by Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein, and Plaintiffs and BP hereby agree and acknowledge that this is an essential term of the Release. Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the provisions of Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein and for the purpose of implementing a full and complete release, Plaintiffs and BP understand and agree that the Release is intended to include all claims, if any, which Plaintiffs or any member of the BP Group may have and which Plaintiffs or any member of the BP Group do not now know or suspect to exist in their favor against the Releasees, and that the Release extinguishes those claims. The Parties acknowledge, and the Stockholders are deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of this Release.

(e)  In connection with the Release, Plaintiffs and the BP Group acknowledge that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Plaintiffs and BP in executing the Release fully, finally and forever to settle and release all such matters and all claims relating thereto that exist, hereafter may exist or might have existed (whether or not

previously or currently asserted in any action or proceeding) with respect to the matters released.

(f) Nothing in the Release shall preclude any action to enforce the terms of the Settlement Agreement.

(g) Notwithstanding any other provision of this Section, nothing in the Release shall preclude any action by any member of the BP Group against any of the Individual Defendants or other Releasees to: (i) enforce the provisions of any severance or related compromise agreement between any member of the BP Group and an Individual Defendant that require the Individual Defendant to cooperate with the BP Group and relevant governmental authorities; or (ii) recover attorneys' fees and other expenses advanced to an Individual Defendant if that Individual Defendant is ultimately determined not to have met the applicable standards for indemnification under relevant law.

13. Upon the Effective Date, each of the Releasees shall be deemed to have been released, relinquished and discharged and by operation of this Final Judgment shall fully, finally and forever release, relinquish and discharge each of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Action and the Release set forth in Paragraph 12 above.

14. The Court hereby permanently bars and enjoins Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors,

insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; *provided, however*, that nothing in the Settlement Agreement shall preclude the Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions.

15. The terms and provisions of the Settlement Agreement and all exhibits attached to the Settlement Agreement may be amended, modified or expanded by agreement of the Parties and approval of the Court; *provided, however*, that the Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement as (i) are consistent with this Final Judgment; and (ii) do not limit the rights of Plaintiffs, the BP Group, the Stockholders or the Individual Defendants under the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16. The claims in this Action are dismissed on the merits and with prejudice according to the terms (including the releases) set forth in the Settlement Agreement, without costs to any party except as provided therein.

17. The Settlement Agreement, the Hearing Order, this Final Judgment, any of the Settlement Agreement's provisions or any negotiations, statements or court proceedings relating to its provisions in any way:

(a) Shall not be offered or received against any of the Nominal Defendants or Individual Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Nominal Defendants or Individual Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or of any liability, negligence, fault or wrongdoing of the Nominal Defendants or Individual Defendants;

(b) Shall not be offered or received against any of the Nominal Defendants or Individual Defendants as evidence of a presumption, concession or admission of fault, misrepresentation or omission with respect to any statement or written document approved or made by any Nominal Defendant or Individual Defendant; and

(c) Shall not be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action or any judicial, administrative, regulatory or other proceeding, except (i) in a proceeding to enforce the Settlement Agreement; or (ii) in any subsequent action brought against any of the Releasees or any member of the BP Group in order to support a defense or counterclaim of the Releasees or any member of the BP Group of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim or

issue preclusion or similar defense or counterclaim. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Nominal Defendants and Individual Defendants, or as a waiver by the Plaintiffs, Nominal Defendants or Individual Defendants of any applicable defense, claim, cause of action or remedy.

18. Without affecting the finality of this Final Judgment for purposes of appeal, the Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and all exhibits attached to the Settlement Agreement and Final Judgment for any other necessary purpose; *provided, however*, that nothing in this subsection shall restrict the ability of the Parties to exercise their rights under paragraph 15.

19. Plaintiffs' Counsel is hereby awarded $9,750,000 as and for their attorney fees, plus their actual costs and expenses (including compensation of Plaintiffs' Corporate Governance Experts), which sum the Court finds to be fair and reasonable and a recognition of the benefits provided to BP and the other Nominal Defendants as a result of the prosecution and settlement of the Action.

20. Neither the Nominal Defendants nor Individual Defendants nor any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates shall be liable for or obligated to


pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, the Settlement Agreement or the proposed settlement, other than as expressly provided for in the Settlement Agreement.

FINAL JUDGMENT is hereby entered with respect to the Nominal Defendants and Individual Defendants in accordance with Alaska Rule of Civil Procedure 58 this 7th day of May, 2008.

_____
JACK W. SMITH
Superior Court Judge

S:\Settlement\BP Derivative.set\JUDGMENT 00050448.doc