

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, STEVEN STARK, NICHOLAS WEIL and ARNOLD WANDEL, Derivatively on Behalf of THE HOME DEPOT, INC., | ) ) ) ) ) | Civil Action No. 2006-cv-122302 [PROPOSED] ORDER AND FINAL JUDGMENT |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| KENNETH G. LANGONE, ROBERT L. NARDELLI, CAROL B. TOMÉ, LABAN P. JACKSON, JR., DENNIS M. DONOVAN, FRANK L. FERNANDEZ, THOMAS V. TAYLOR, JOHN L. CLENDENIN, CLAUDIO X. GONZÁLEZ, BONNIE G. HILL, GREGORY D. BRENNEMAN, MILLEDGE A. HART, III, ANGELO R. MOZILO, THOMAS J. RIDGE, LAWRENCE R. JOHNSTON, BERRY R. COX, RICHARD H. BROWN and RICHARD A. GRASSO, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| – and – | ) ) | |
| THE HOME DEPOT, INC., a Delaware corporation, | ) ) ) | |
| Nominal Defendant. | ) ) | |

FILED IN OFFICE

JUN 1 0 2008

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

A hearing having been held before this Court on June 10, 2008, pursuant to the Court's Order of April 3, 2008 (the "Scheduling Order"), upon the Stipulation of Settlement entered into by the parties, dated as of March 28, 2008 (the "Stipulation"), providing for the settlement of the above-captioned actions (the "Litigation"), which is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement and dismissal with prejudice of the Litigation upon the terms and conditions set forth in the Stipulation (the "Settlement"); the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Company's stockholders was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___ day of _____, 2008, that:

1.      Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation.

2.      The Notice of Settlement of Derivative Action (the "Notice") informing the Company's stockholders of the settlement has been published in *Investor's Business Daily* and via Form 8-K furnished to the Securities and Exchange Commission pursuant to and in the manner directed by the Scheduling Order, and full opportunity to be heard has been offered to all parties and persons in interest. The form and manner of the Notice is hereby determined to have been given in full compliance with O.C.G.A. §14-2-745 and the requirements of other applicable state law and due process, and it is further determined that the Plaintiffs, the Company, the Individual Defendants, and the Company's stockholders are bound by this Order and Final Judgment.

- 1 -

3.      The Stipulation and the Settlement provided therein are found to be fair, reasonable, and in the best interests of the Company and its stockholders and are hereby approved. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

4.      This Order and Final Judgment shall not constitute any evidence of or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Litigation and shall not be deemed to create any inference that there is any liability therefrom.

5.      The Litigation is hereby dismissed with prejudice on the merits and, except as explicitly provided in the Stipulation, without costs.

6.      (a)      "Released Claims" shall collectively mean all claims, demands, rights, actions or causes of action of every nature and description whatsoever, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been, could have been, or in the future could or might be asserted in the Litigation or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal or state statute, rule, regulation, or principle of common law relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise) by the Plaintiffs, by Home Depot, or by any Home Depot stockholder derivatively on behalf of Home Depot, against the Released Persons, or any of them, which have arisen, could have arisen, arise now, or hereafter arise out of, or relate in any manner to the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or failures to act which were alleged or could have been alleged in the Litigation, including, but not limited to (1) the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations,

- 2 -

omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced by, involved with, referred to, set forth in or otherwise related to any of the complaints filed at any time in the Litigation; (2) the alleged backdating or misdating of stock options, RTV practices, and/or executive compensation; or (3) the disclosure obligations or alleged insider trading of any of the Released Persons related to any of the foregoing, subject to the RTV Investigation Carve-Out set forth below.

(b)    "Released Persons" means the Individual Defendants and Home Depot's past or present directors, officers, employees, agents, or representatives, including any of their families, employees, attorneys, accountants, financial advisors, consultants, agents, estates, partners, predecessors, successors, and assigns, heirs, and entities in which he or she has a controlling interest. The categories described in the preceding sentence are sufficiently descriptive as to leave no question of the identity of the parties released within the meaning of *Lackey v. McDowell*, 262 Ga. 185, 415 S.E.2d 902 (1992).

(c)    Upon the Effective Date, and subject to the RTV Investigation Carve-Out described in paragraph 6(d) below, the Plaintiffs, on their own behalf and derivatively on behalf of Home Depot and Home Depot stockholders shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.

(d)    The release described above is subject to the following conditional carve-out: in the event one or more current or former executive officers of the Company makes a financial payment to a governmental agency in connection with the alleged wrongdoing relating to RTV matters or is convicted of any wrongdoing in connection with the pending RTV investigation, the release referenced above shall not bar Plaintiffs' assertion of a claim for breach of fiduciary duty against such current or former executive officers with respect to any damage caused to the Company by such individual in connection with their role in RTV practices. The Defendants agree that they

- 3 -

will not contest the standing (*e.g.*, their failure to make a demand or their adequacy to sue in a representative capacity) of the Plaintiffs in the *City of Pontiac* Action to assert such a claim, and the Company agrees that it will cooperate with the Plaintiffs in discovery, as may be reasonable. Notwithstanding the foregoing, nothing herein shall be deemed to limit or alter the terms or scope of, or to revive any claims released by, the mutual releases contained in the January 2, 2007 Separation Agreement between the Company and Mr. Nardelli.

      7.     Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, and the Plaintiffs' counsel, from all claims arising out of, relating to, or in connection with the institution, prosecution, settlement, or resolution of the Litigation or the Released Claims.

      8.     The releases set forth herein extend to claims that any person granting a release (each, a "Releasing Person") does not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Person's decision to enter into the release; the Releasing Persons shall be deemed to relinquish, to the extent applicable and to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code; and the Releasing Persons shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

      9.     Plaintiffs, Home Depot, and past or present Home Depot stockholders, and anyone claiming through or for the benefit of any of them, are hereby permanently enjoined from asserting, commencing, prosecuting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims against the Released Persons.

- 4 -

10.     Notwithstanding any other provision of this Order and Final Judgment to the contrary, nothing in this Order and Final Judgment shall be construed to (i) release, discharge, extinguish, or otherwise compromise any claims or potential claims that Home Depot or any person who is or was a defendant in the Litigation may have for indemnity or under or relating to any policy of liability or other insurance, (ii) release any insurer, co-insurer, or reinsurer from any obligation owed to Home Depot or any person who is or was a defendant in the Litigation for indemnity or coverage under or relating to any policy of liability or other insurance, or (iii) release any claims to enforce the terms of the Stipulation.

11.     The Court finds that the Litigation was filed in good faith and that the parties and their counsel at all times complied with requisite state laws during the course of the Litigation.

12.     Counsel for the Plaintiffs are awarded attorneys' fees and expenses (including costs and disbursements) in the total amount of (a) $6 million in cash; and (b) $8.5 million in freely tradable Home Depot common stock, the number of shares of which shall be determined based upon the closing price of the stock on the date of entry of this Order and Final Judgment. The Court finds this award to be reasonable and fair within the meaning of Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(10). The award shall be transferred by the Company within ten (10) business days of the entry of this Order and Final Judgment to Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), which shall be solely responsible for the allocation of the award to Plaintiffs' counsel based upon Coughlin Stoia's good faith determination of each such counsel's contribution to the initiation, prosecution, and/or resolution of the Litigation.

13.     If the Effective Date does not occur, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

- 5 -

14.     If the Effective Date does not occur, or if the award to Plaintiffs' counsel of attorneys' fees and expenses is reversed or modified on appeal, then the award of fees and expenses (or any portion disallowed) shall be refunded to Home Depot by Plaintiffs' counsel, together with the amount of any dividends paid on the stock received as part of the award of fees and expenses, with interest at the federal rate of interest from the date of payment and any dividend to the date of refund. The refund shall be made within ten (10) business days after written notification of such event is sent by Home Depot's counsel to Plaintiffs' Settlement Counsel. Each firm that receives any portion of the award of fees and expenses, and each partner or member of that firm, shall be jointly and severally liable for repayment should the award need to be refunded as set forth herein. In the event the refund is not made in a timely manner after written notification, Home Depot shall be entitled to an award of all reasonable fees and expenses incurred by it in pursuing legal action to collect the refund. Each such Plaintiffs' counsel's law firm, as a condition of receiving a portion of the award of fees and expenses, on behalf of itself and each partner and/or shareholder, agrees that the law firm and its partners, members, and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the Stipulation.

15.     The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs, the Company, and the Individual Defendants under the Stipulation and the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of the award of attorneys fees and expenses to Plaintiff counsel.

16.     Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement, including attorneys' fees and expenses.

IT IS SO ORDERED.

DATED: JUNE 10, 2008

THE HONORABLE JUDGE CRAIG SCHWALL
JUDGE, SUPERIOR COURT OF FULTON COUNTY

S:\Settlement\Home Depot Deriv.set\JUDGMENT 00051624.doc

- 7 -



FILED IN OFFICE

JUN 1 0 2008

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, STEVEN STARK, NICHOLAS WEIL and ARNOLD WANDEL, Derivatively on Behalf of THE HOME DEPOT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KENNETH G. LANGONE, ROBERT L. NARDELLI, CAROL B. TOMÉ, LABAN P. JACKSON, JR., DENNIS M. DONOVAN, FRANK L. FERNANDEZ, THOMAS V. TAYLOR, JOHN L. CLENDENIN, CLAUDIO X. GONZÁLEZ, BONNIE G. HILL, GREGORY D. BRENNEMAN, MILLEDGE A. HART, III, ANGELO R. MOZILO, THOMAS J. RIDGE, LAWRENCE R. JOHNSTON, BERRY R. COX, RICHARD H. BROWN and RICHARD A. GRASSO, <br><br> Defendants, <br><br> – and – <br><br> THE HOME DEPOT, INC., a Delaware corporation, <br><br> Nominal Defendant. | Civil Action No. 2006-cv-122302 <br><br> [PROPOSED] FINDINGS OF FACT IN SUPPORT OF ORDER AND FINAL JUDGMENT |

This matter having come before the Court on plaintiffs' Motion for Final Approval of Settlement; and

The Court having reviewed the pleadings, the March 28, 2008 Stipulation of Settlement consented to by the parties (the "Stipulation"), and the extensive record in this case; and

The Court having heard the arguments of counsel at a hearing before this Court on June 10, 2008;

NOW THEREFORE the Court hereby issues the following Findings of Fact:

1.      The Settlement agreed upon by the parties, as set forth in the Stipulation, resolves the claims asserted in at least eight (8) different lawsuits involving The Home Depot, Inc. ("Home Depot") and certain of its past and present officers and directors.

2.      The claims at issue in these cases involve three related areas of alleged wrongdoing: stock option backdating, payments to Home Depot's former Chief Executive Officer, Robert Nardelli, and systemic return-to-vendor accounting issues.

3.      Plaintiffs have alleged that, as a result of these activities, defendants caused Home Depot to report false and misleading financial results in Home Depot's Securities and Exchange Commission ("SEC") filings and other documents distributed publicly, as well as to shareholders, and then made numerous additional false statements as part of a continuing effort to cover up and mislead Home Depot shareholders about the extent of their malfeasance.

4.      The first of the cases involved in this litigation was filed in 2006. Since that time, the parties have engaged in significant discovery and motion practice in pursuing and defending against plaintiffs' claims. The discovery has included, *inter alia*, the production of over one hundred thousand (100,000) pages of documents and the taking of approximately ten (10) depositions. The numerous and varied motions filed by the parties include a motion for preliminary injunction,

defendants' motions to dismiss all of plaintiffs' claims, a motion for summary judgment, and multiple motions to compel discovery.

5.      The parties likewise engaged in a lengthy series of negotiations regarding the possible settlement of these actions.  These arms length settlement discussions required two separate mediation sessions with one of the country's preeminent mediators, Eric Green.

6.      The settlement negotiations took place over almost a year and involved numerous meetings and telephone conferences, along with the drafting of various papers.  Countless hours of attorney time were spent by both sides in reaching the ultimate resolution.  Much of the prolonged settlement process was focused on the corporate governance reforms to be adopted by Home Depot. The terms of the settlement, as set forth in the Stipulation, confer substantial benefits to Home Depot and its shareholders.

7.      Plaintiffs' lead counsel in this litigation, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), has demonstrated its considerable expertise in shareholder litigation, diligently advocating the rights of Home Depot shareholders in this Litigation.  Coughlin Stoia has acted with substantial skill and professionalism in representing the plaintiffs and the interests of Home Depot and its shareholders in prosecuting this case.  At least twenty other plaintiffs firms have assisted Coughlin Stoia in this representation.

8.      Defendants have been ably represented by experienced and sophisticated litigation counsel, including King & Spalding; Alston & Bird; Jones Day; Sutherland; and Troutman Sanders. Defendants' counsel have similarly represented the interests of their clients diligently.

9.      On April 3, 2008, plaintiffs filed a Motion for Preliminary Approval of Proposed Derivative Settlement with the Court, along with the Stipulation.  Per the terms of the Stipulation, the Settlement includes a number of corporate governance changes that require Home Depot to, among other things: (i) adopt multiple changes to the structure of the Board of Directors of Home

- 2 -

Depot, (ii) require two-thirds of its directors to be independent, (iii) require the Audit, Nominating and Corporate Governance, and Leadership Development and Compensation Committees to consist entirely of independent directors, (iv) adopt director independence standards, (v) require certain directors to receive compensation in the form of equity grants, (vi) permit shareholders to ask questions at annual meetings, (vii) adopt certain compensation policies and procedural safeguards for officers and directors, (viii) impose safeguards on the removal procedures for directors, (ix) adopt safeguards and notice requirements on stock option plans to lower the risk of backdating, (x) permit large shareholders or groups of shareholders to nominate directors, (xi) ensure compliance with Home Depot's Return to Vendor Policy, and (xii) adopt a Best Value Contracting Policy.

10.     The settlement also provides for attorney fees to be paid to plaintiffs' counsel of approximately $8.5 million in Home Depot common stock and $6 million in cash for fees and expenses.

11.     All parties and counsel agree that resolution of this action through settlement, based on the terms set forth in the Stipulation submitted to the Court, is in the best interests of Home Depot and its shareholders, which is strong evidence that the settlement is fair and reasonable.

12.     Based on this Court's review of the Stipulation, the written briefing, and the parties' oral presentations, this Court entered a Scheduling Order on April 3, 2008, which, among other things: (i) preliminarily found the proposed settlement to be fair, reasonable, adequate and in the best interests of Home Depot and its stockholders; and (ii) found that the proposed forms and methods of notice to be provided to the Home Depot shareholders met the requirements of O.C.G.A. §14-3-745, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and any other applicable laws, and constitutes due and sufficient notice of all matters relating to the Settlement.

13.     Pursuant to the Scheduling Order, on April 10, 2008, a Notice of Settlement of Derivative Action (the "Notice") informing Home Depot's shareholders of the Settlement was published in Investor's Business Daily and via Form 8-K furnished to the SEC, and full opportunity to be heard was offered to all parties and persons in interest.

14.     Notwithstanding this opportunity, no objections to the Settlement have been filed with the Court. This is further evidence that the settlement is fair and reasonable.

15.     On June 3, 2008, plaintiffs filed a Motion for Final Approval of Settlement, along with a Memorandum of Law and the Affidavit of John C. Herman in support of that motion.

16.     On June 10, 2008, this Court held a hearing on plaintiffs' Motion for Final Approval of Settlement. Following this hearing, having provided all parties and persons of interest with a full opportunity to be heard, and having considered the record in this case and the arguments of counsel, this Court finds that the Settlement produced by the parties' arms length negotiations, including without limitation the corporate governance changes set forth above and the total attorneys fees of $14.5 million, is fair, adequate, reasonable, and is not the product of collusion between the parties.

17.     The Court finds that plaintiffs' counsel obtained a substantial benefit for Home Depot and its stockholders and that the attorney fee and expense amount agreed upon is reasonable based on the results obtained.

18.     The Court finds that the fee amount agreed upon is consistent with fee awards in other derivative actions.

19.     The Court finds that plaintiffs' counsel took this case on a fully contingent basis and payment of attorney fees and expenses was at risk absent a successful result.

20.     Accordingly, the Court Orders that the Settlement, as set forth in the Stipulation of Settlement dated March 28, 2008, be and hereby is finally approved, pursuant to O.C.G.A.

- 4 -

§14-2-745, and that Judgment be entered as set forth in the Order and Final Judgment issued concurrently herewith.

    IT IS SO ORDERED.

DATED: JUNE 10, 2008

           THE HONORABLE CRAIG SCHWALL
           JUDGE, SUPERIOR COURT OF FULTON COUNTY

S:\Settlement\Home Depot Deriv.set\ORD FINDINGS 00051542.doc

- 5 -