UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ESTHER SADOWSKY TESTAMENTARY TRUST, Derivatively
on Behalf of Federal Home Loan Mortgage Corp.,

                Plaintiff,

                v.

LELAND C. BRENDSEL, DAVID GLENN, JOHN GIBBONS,
VAUGHN CLARKE, GREGORY PARSEGHIAN, NAZIR
HASSANI, ROBERT DEAN, MAUD MATER, GEORGE D.
GOULD, THOMAS W. JONES, HENRY KAUFMAN, JOHN B.
McCOY, JAMES F. MONTGOMERY, SHAUN F. O'MALLEY,
RONALD F. POE, STEPHEN A. ROSS, CHRISTINA SEIX,
WILLIAM J. TURNER, CESAR B. CABRERA, MICHELLE
ENGLER, DAVID J. GRIBBIN III, WILLIAM D. POWERS,
CATHERINE L. STEPP, BARBARA T. ALEXANDER,
GEOFFREY T. BOISI, RICHARD KARL GOELTZ, THOMAS S.
JOHNSON, WILLIAM M. LEWIS, JR., MORGAN STANLEY,
CITIGROUP INC., SALOMON SMITH BARNEY, CITIGROUP
GLOBAL MARKETS, and BLAYLOCK & PARTNERS,

                Defendants,

                - and -

FEDERAL HOME LOAN MORTGAGE CORPORATION,

                Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MDL 1584
Case No. 05-CV-2596 (JES)

MAUREEN HENRY and E.L. GREENFIELD, Derivatively on
Behalf of Federal Home Loan Mortgage Corp.,

                Plaintiffs,

                v.

LELAND C. BRENDSEL, DAVID GLENN, JOHN GIBBONS,
VAUGHN CLARKE, and GREGORY PARSEGHIAN,

                Defendants,

                - and -

FEDERAL HOME LOAN MORTGAGE CORP.,

                Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

MDL 1584
Case No. 04-CV-2634 (JES)

## JUDGMENT – DERIVATIVE ACTIONS

**WHEREAS**:

A.    Plaintiffs Esther Sadowsky Testamentary Trust, Maureen Henry and E.L. Greenfield (collectively, "Plaintiffs"), Defendants Leland C. Brendsel, David W. Glenn, John Gibbons, Vaughn A. Clarke, Gregory J. Parseghian, Nazir Dossani, Robert Dean, Maud Mater, George D. Gould, Thomas W. Jones, Henry Kaufman, John B. McCoy, James F. Montgomery, Shaun F. O'Malley, Ronald F. Poe, Stephen A. Ross, Christina Seix, William J. Turner, Cesar B. Cabrera, Michelle Engler, David J. Gribbin III, William D. Powers, Catherine L. Stepp, Barbara T. Alexander, Geoffrey T. Boisi, Richard Karl Goeltz, Thomas S. Johnson, William M. Lewis, Jr., Blaylock & Partners, Eugene McQuade, Richard Syron and Gregory Reynolds (the "Defendants"), and nominal defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") have entered into a Settlement (the "Settlement") in the above-titled actions (the "Derivative Actions"). The terms of the Settlement are set forth in a Stipulation of Settlement and annexed exhibits dated May 23, 2006 (collectively, the "Derivative Stipulation");

B.    This Court entered an order dated July 28, 2006 (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement, directing the issuance of a joint notice of settlements, and setting a fairness hearing for October 26, 2006 (the "Fairness Hearing");

C.    As directed by the Court, a copy of the joint notice of all of the settlements in the Derivative Actions and the settlement of the Securities Action and of the Fairness Hearing (the "Notice") was mailed to all shareholders of record of Freddie Mac as of the date of the Preliminary Approval Order (the "Shareholders"). Reasonable efforts were employed to give notice to beneficial owners of such shares of Freddie Mac common stock by making available upon request additional copies of the Notice to any record holder requesting such a copy for the

purpose of distribution to such beneficial owners, and record holders receiving the Notice who are not the beneficial owners of the shares were directed to forward the Notice to the respective beneficial owners.  A joint summary notice of the settlements (the "Summary Notice") was published on at least one occasion in the national edition of The Wall Street Journal;

D.       The Court held a Fairness Hearing on October 26, 2006 at 3:30 p.m. to determine, among other things, whether the proposed Settlement on the terms and conditions provided in the Derivative Stipulation is fair, reasonable, and adequate and is in the best interests of Freddie Mac and the Shareholders and should be approved by the Court; whether a Judgment as provided for in the Derivative Stipulation should be entered herein; and whether Derivative Counsel's application for attorneys' fees and expenses should be granted; and

E.       The Court, having considered all matters submitted to it at the Fairness Hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the fairness, reasonableness and adequacy of the proposed Settlement of the Released Claims against the Released Persons, as defined below;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       All terms defined in the Derivative Stipulation shall, unless otherwise indicated, have the same meaning when used herein.

2.       The Court finds that the distribution of the Notice, the publication of the Summary Notice and the notice methodology, all implemented in accordance with the terms of the Derivative Stipulation and this Court's Preliminary Approval Order:

(a)       constituted the best practicable notice to the Shareholders under the circumstances of these Derivative Actions;

3

(b)     were reasonably calculated, under the circumstances, to apprise the Shareholders of (*i*) the settlement of the Derivative Actions, (*ii*) their right to object to any aspect of the Settlement, (*iii*) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, and (*iv*) the binding effect of this judgment approving the Settlement in these Derivative Actions, whether favorable or unfavorable, on Shareholders;

(c)     were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and

(d)     fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law.

3.     The Court finds that it has personal jurisdiction over all Shareholders and that the Court has subject matter jurisdiction to approve the terms of the Derivative Stipulation, including its exhibits, and including all documents submitted to the Court in connection with the implementation of this Settlement.

4.     The Court finds that the terms and provisions of the Derivative Stipulation were entered into by the parties thereto in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the parties and the Shareholders, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, including Rule 11, the United States Constitution, the Rules of the Court and any other applicable law.  The parties and their counsel are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Derivative Stipulation and this Judgment (the "Judgment").

5.      The Complaints in the above-captioned actions, which the Court finds were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, are hereby dismissed with prejudice, and without costs to any party.

6.      Upon the Effective Date, by operation of this Judgment, Plaintiffs (derivatively on behalf of Freddie Mac), Freddie Mac, and every shareholder of Freddie Mac shall have fully, finally, and forever released, relinquished and discharged all Settled Derivative Claims and shall forever be barred and enjoined from prosecuting the Settled Derivative Claims against any of the Released Defendant Parties.

7.      Upon the Effective Date, by operation of this Judgment, each Defendant shall have fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims against the Released Plaintiff Parties and shall forever be barred and enjoined from prosecuting any of the Settled Defendants' Claims against the Released Plaintiff Parties.

8.      This Judgment and the Derivative Stipulation, and all papers related thereto, are not, and shall not be construed to be, an admission by any of the Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

9.      Derivative Counsel's Fee and Expense Application is granted in the amount of $15,250,000 in fees and $500,000 for reimbursed expenses. Freddie Mac and Defendants shall have no responsibility for the allocation of fees, costs and expenses awards among Derivative Counsel, which allocations shall be made jointly by Weiss & Lurie, Stull, Stull & Brody, and Greenfield & Goodman LLC in a manner that reflects the contributions of such counsel to the prosecution and settlement of the Derivative Actions

10.     All matters arising out of or relating to the implementation of the Settlement and the use of the Settlement Fund shall remain under the authority of this Court.  This Court shall retain jurisdiction to hear all such matters.

11.     There is no just reason for delay in entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

12.     Without affecting the finality of this Judgment in any way, continuing exclusive jurisdiction is hereby retained over the parties with respect to all matters relating to these Derivative Actions, including (a) the administration, interpretation, effectuation or enforcement of the Derivative Stipulation and this Judgment, and (b) the use of the Settlement Fund.

ORDERED this  26  day of  October , 2006.

John E. Sprizzo
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON  10/27/06

6

MAUREEN HENRY and E. L. GREENFIELD, Derivatively on
Behalf of Federal Home Loan Mortgage Corp.,

MDL-1584
Case No. 04 Civ. 2634 (J

Plaintiffs,

v.

#12

LELAND C. BRENDSEL, DAVID GLENN, JOHN GIBBONS,
VAUGHN CLARKE and GREGORY PARSEGHIAN,

Defendants,

-and-

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Nominal Defendant.

## JUDGMENT APPROVING SETTLEMENT AND DISMISSING
## DERIVATIVE ACTIONS AGAINST CITIGROUP

WHEREAS:

A.      Plaintiffs Esther Sadowsky Testamentary Trust, Maureen Henry

and E.L. Greenfield (collectively, "Plaintiffs"), defendants Citigroup Inc. and Citigroup

Global Markets Inc. (f/k/a Salomon Smith Barney Inc.) (collectively, "Citigroup") and

nominal defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") have

entered into a Settlement (the "Settlement") in the above-titled actions (the "Derivative

Actions"). The terms of the Settlement are set forth in a Stipulation of Settlement and

annexed exhibits dated May 23, 2006 (collectively, the "Stipulation");

B.     This Court entered an order dated July 28, 2006 (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement, directing the issuance of a joint notice of settlements, and setting a fairness hearing for October 26, 2006 (the "Fairness Hearing");

C.     As directed by the Court, a copy of the joint notice of all of the settlements in the Derivative Actions and the Securities Action Settlement and of the Fairness Hearing (the "Notice") was mailed to all shareholders of record of Freddie Mac as of the date of the Preliminary Approval Order (the "Shareholders"), reasonable efforts were employed to give notice to current beneficial owners of such shares of Freddie Mac common stock by forwarding notice to current beneficial owners whose names were provided to the claims administrator by nominee owners, by making available upon request additional copies of the Notice to any record holder requesting such a copy for the purpose of distribution to such beneficial owners, and record holders receiving the Notice who were not the beneficial owners of the shares were directed to forward the Notice to the respective beneficial owners. A joint summary notice of the settlements (the "Summary Notice") was published on at least one occasion in the national edition of the *Wall Street Journal*;

D.     The Court held a Fairness Hearing on October 26, 2006 at 3:30 p.m. to determine, among other things, whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and is in the best interests of Freddie Mac and the Shareholders and should be approved by the Court; whether a Judgment as provided for in the Stipulation should be entered herein; and

2

whether Derivative Counsel's application for attorneys' fees and expenses should be granted; and

        E.      The Court, having considered all matters submitted to it at the Fairness Hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the fairness, reasonableness and adequacy of the proposed Settlement of the Released Claims against the Released Persons, as defined below.

        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

        1.      The Court finds that the distribution of the Notice, the publication of the Summary Notice and the notice methodology, all implemented in accordance with the terms of the Stipulation and this Court's Preliminary Approval Order:

        (a)      constituted the best practicable notice to the Shareholders under the circumstances of these Derivative Actions;

        (b)      were reasonably calculated, under the circumstances, to apprise the Shareholders of (*i*) the settlement of the Derivative Actions, (*ii*) their right to object to any aspect of the Settlement, (*iii*) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, and (*iv*) the binding effect of this Judgment approving the Settlement in these Derivative Actions, whether favorable or unfavorable, on Shareholders;

        (c)      were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and

(d)     fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law.

2.      The Court finds that it has personal jurisdiction over all Shareholders and that the Court has subject matter jurisdiction to approve the terms of the Stipulation, including its exhibits, and including all documents submitted to the Court in connection with the implementation of this Settlement.

3.      The Court finds that the terms and provisions of the Stipulation were entered into by the parties thereto in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the parties and the Shareholders, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, including Rule 11, the United States Constitution, the Rules of the Court and any other applicable law. The parties and their counsel are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation and this Judgment Approving Settlement and Dismissing Derivative Actions (the "Judgment").

4.      The Court finds that all Shareholders are bound by this Judgment.

5.      As agreed by Plaintiffs, Freddie Mac and Citigroup in the Stipulation, Citigroup shall cause five annual payments of $900,000 each to be made to Freddie Mac by wire transfer. The first payment of $900,000 shall be made on September 30, 2006. Additional payments of $900,000 each shall be made on September 30, 2007, September 30, 2008, September 30, 2009 and September 30, 2010 (together with the first payment, the "Settlement Payments"). The total amount to be paid by

4

Citigroup to Freddie Mac pursuant to this Settlement shall be $4,500,000. Unless the payments are untimely, no interest shall accrue or be payable on these amounts. Any interest due as a result of untimely payment shall be the responsibility of Citigroup, and Freddie Mac shall have no liability for the payment of such interest. In the event that any Settlement Payment comes due and owing prior to the Effective date, then such Settlement Payment will be held in escrow at a bank to be agreed upon by the parties hereto, pursuant to an escrow agreement that is agreeable to the parties hereto.

6.      The Derivative Actions are hereby dismissed against Citigroup on the merits and with prejudice as against Plaintiffs, Freddie Mac, and all Shareholders of Freddie Mac, both directly and derivatively, without fees or costs to any party except as otherwise provided in this Judgment. The Court finds that the Complaints in the Derivative Actions were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure.

7.      Any and all claims, rights, causes of action, suits, and demands, known or unknown, that were asserted or that could have been asserted against Citigroup and each of its present and former parents, subsidiaries, divisions and affiliates, the present and former employees, members, partners, principals, officers and directors of each of them, the present and former attorneys, advisors, trustees, administrators, fiduciaries, consultants, representatives, accountants and auditors, insurers, and agents of each of them, and the predecessors, estates, heirs, executors, trusts, trustees, administrators, successors and assigns of each, and any person or entity which is or was related to or affiliated with any of the foregoing or in which any of the foregoing persons and entities has or had a controlling interest (collectively, the "Released Citigroup

5

Persons") in the Derivative Actions including, without limitation, any actions, events or omissions described in or relating to (i) the Demand Letters, (ii) the earnings restatement that Freddie Mac announced in 2003, (iii) the Report of the Special Examination of Freddie Mac, Office of Federal Housing Enterprise Oversight ("OFHEO"), dated December 2003, (iv) the Report to the Board of Directors of the Federal Home Loan Mortgage Corporation, Internal Investigation of Certain Accounting Matters, dated July 22, 2003, or (v) the Supplemental Report to the Board of Directors of the Federal Home Loan Mortgage Corporation Regarding the Investigation of Certain Accounting and Related Matters, dated November 18, 2003 (the "Released Citigroup Claims"), are hereby compromised, extinguished, settled, released and dismissed with prejudice.

8.      Any and all claims for contribution, indemnification or attorneys' fees arising out of the Derivative Actions (the "Released Plaintiffs Claims") against Freddie Mac and Plaintiffs and each of their counsel, present and former parents, subsidiaries, affiliates, employees, trustees, beneficiaries, officers, insurers, agents, attorneys, accountants, and consultants (the "Released Plaintiffs Persons"; the Released Citigroup Persons and the Released Plaintiffs Persons are collectively referred to as the "Released Persons") are hereby compromised, extinguished, settled, released and dismissed with prejudice.  Provided, however, that nothing in such release shall affect any other existing contractual obligations between Citigroup and Freddie Mac, except as provided in paragraph 12 below.  The Released Citigroup Claims and the Released Plaintiffs Claims are collectively referred to as the "Released Claims".

9.      The terms and provisions of the Stipulation and of this Judgment are binding on Plaintiffs, Freddie Mac, and the Shareholders, and they are hereby

6

permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Citigroup Claims against any Released Citigroup Persons.

10.    The terms and provisions of the Stipulation and of this Judgment are binding on Citigroup, and it is hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Plaintiffs Claims against any Released Plaintiffs Persons.

11.    The terms and provisions of the Stipulation and of this Judgment are also binding on any non-settling party in the Derivative Actions or in the securities class actions consolidated in the case captioned *In re Federal Home Loan Mortgage Corp. Securities and Derivative Litigation*, MDL 1584 (JES), and they are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any claims against any Released Persons arising out of the non-settling party's potential liability in the Derivative Actions or in the securities class actions.

12.    Citigroup hereby waives and is permanently barred from asserting any rights or claims for indemnification or advancement of litigation expenses against Freddie Mac related to the complaint filed by the Esther Sadowsky Testamentary Trust on March 4, 2005.

13.    The release forever discharges the Released Persons from any claims or liabilities arising from or related to the Released Claims and is effective on the date the Settlement is final (the "Final Settlement Date"), which shall be either (a) upon the entry by the Court of the Judgment and when the applicable period for the appeal of

7

the Judgment shall have expired without an appeal having been filed; or (b) if an appeal is taken, upon entry of an order affirming the Judgment and when the applicable period for the appeal of such affirmance of the Judgment shall have expired without an appeal having been filed, or upon entry of any stipulation dismissing any such appeal with no right of further prosecution of the appeal; or (c) if an appeal is taken from any decision affirming the Judgment, upon entry of an order in such appeal finally affirming the Judgment without right of further appeal or upon entry of any stipulation dismissing any such appeal with no right of further prosecution of the appeal.

(a)     Upon the Final Settlement Date, Plaintiffs, Citigroup and the Shareholders, including Shareholders who are parties to any other actions, arbitrations, or other proceedings against any of the Released Persons that are pending on the Final Settlement Date, shall be deemed to have, by operation of law and this Judgment, fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against the Released Persons, and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting any such Released Claim against the Released Persons.

(b)     With respect to any and all Released Claims, Plaintiffs and Freddie Mac expressly waive, and each of Freddie Mac's other Shareholders shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by California Civil Code Section 1542, which provides "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE

8

TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR", any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542, or any other provision that would otherwise act to limit the effectiveness or scope of the releases. Plaintiffs, Freddie Mac, and Freddie Mac's other Shareholders having acknowledged the significance and consequence of this waiver of these provisions, waive these provisions and protections, assume full responsibility for any loss that may be incurred by reason of such waiver, and hereby release unknown and unsuspected claims. Plaintiffs and Freddie Mac expressly acknowledge, and Freddie Mac's other Shareholders shall be deemed to have expressly acknowledged, that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but Plaintiffs and Freddie Mac shall expressly have, each of Freddie Mac's other Shareholder shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Freddie Mac acknowledge, and Freddie Mac's other Shareholders shall be deemed to have acknowledged, and by operation of this

9

Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this Release is a part. Provided, however, that nothing in this paragraph shall be construed as a release of any rights based on any other contractual obligations between Freddie Mac and Citigroup as described in the penultimate sentence of paragraph 8 of this Judgment.

14.     Derivative Counsel is hereby awarded attorneys' fees in the amount of $1,206,017.87, plus pro rata interest, and expenses in the amount of $143,982.13, plus pro rata interest. This award shall be paid in five equal installments by Freddie Mac from the Settlement Payments by wire transfer.   Each payment installment shall be made by Freddie Mac by wire transfer within ten (10) business days of the receipt of each of the annual payments described in paragraph 5 above.  Citigroup shall not be liable for any fees or expenses of Plaintiffs, of any present or former shareholder of Freddie Mac, or of any of their attorneys, experts, advisors, agents or representatives in connection with the Derivative Actions.  Neither Freddie Mac not Citigroup shall have any responsibility for the allocation of the fees, costs and expenses awards among Derivative Counsel, which allocations shall be made jointly by Weiss & Lurie, Stull, Stull & Brody and Greenfield & Goodman, LLC in a manner that reflects the contributions of such counsel to the prosecution and settlement of the Derivative Actions.

15.     Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation or this Judgment.

16.     The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Stipulation and all exhibits attached to the Stipulation, provided that such amendments,

modifications and expansions of the Stipulation are not materially inconsistent with this Judgment and do not materially limit the rights of the Shareholders under the Stipulation.

17.     The finality of this Judgment shall not be affected, in any manner, by rulings that any appellate court may make with respect to any award of attorneys' fees and expenses to Derivative Counsel. There shall be no distribution of any of the Settlement Payments to Freddie Mac or any fees and expense reimbursements awarded to Derivative Counsel until this Judgment is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

18.     The Court reserves jurisdiction over the Derivative Actions, including all future proceedings concerning the effectuation and consummation of the Settlement and the enforcement, construction and interpretation of the Stipulation, and over Citigroup, Plaintiffs and Freddie Mac in connection therewith, and any action arising under or to enforce this Settlement shall be commenced and maintained only in this Court.

SO ORDERED.

Hon. John E. Sprizzo
United States District Judge

Dated: /0- 26 , 2006.

New York, New York

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** /0/27/3-

11

MAUREEN HENRY and E. L. GREENFIELD, Derivatively on
Behalf of Federal Home Loan Mortgage Corp.,

                  Plaintiffs,

                 v.

LELAND C. BRENDSEL, DAVID GLENN, JOHN GIBBONS,
VAUGHN CLARKE, and GREGORY PARSEGHIAN,

                  Defendants,

                 -and-

FEDERAL HOME LOAN MORTGAGE CORPORATION,

                 Nominal Defendant.

MDL-1584

Case No. 04 Civ. 2634 (JES

#/13

OCT   2006

S. D. OF N. Y.

## JUDGMENT APPROVING SETTLEMENT AND DISMISSING
## DERIVATIVE ACTIONS AGAINST MORGAN STANLEY

    WHEREAS:

    A.    Plaintiffs Esther Sadowsky Testamentary Trust, Maureen Henry

and E.L. Greenfield (collectively, "Plaintiffs"), defendant Morgan Stanley and nominal

defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") have entered into

a Settlement (the "Settlement") in the above-titled actions (the "Derivative Actions").

The terms of the Settlement are set forth in a Stipulation of Settlement and annexed

exhibits dated May 23, 2006 (collectively, the "Stipulation");

    B.    This Court entered an order dated July 28, 2006 (the "Preliminary

Approval Order"), preliminarily approving the proposed Settlement, directing the

issuance of a joint notice of settlements. and setting a fairness hearing for October 26,
2006 (the "Fairness Hearing");

C.    As directed by the Court, a copy of the joint notice of all of the
settlements in the Derivative Actions and the Securities Action Settlement and of the
Fairness Hearing (the "Notice") was mailed to all shareholders of record of Freddie Mac
as of the date of the Preliminary Approval Order (the "Shareholders"). Reasonable
efforts were employed to give notice to current beneficial owners of such shares of
Freddie Mac common stock by forwarding notice to current beneficial owners whose
names were provided to the claims administrator by nominee owners, by making
available upon request additional copies of the Notice to any record holder requesting
such a copy for the purpose of distribution to such beneficial owners, and record holders
receiving the Notice who were not the beneficial owners of the shares were directed to
forward the Notice to the respective beneficial owners. A joint summary notice of the
settlements (the "Summary Notice") was published on at least one occasion in the
national edition of *The Wall Street Journal*;

D.    The Court held a Fairness Hearing on October 26, 2006 at 3:30
p.m. to determine, among other things, whether the proposed Settlement on the terms and
conditions provided in the Stipulation is fair, reasonable, and adequate and is in the best
interests of Freddie Mac and the Shareholders and should be approved by the Court;
whether a Judgment as provided for in the Stipulation should be entered herein; and
whether Derivative Counsel's application for attorneys' fees and expenses should be
granted, and

2

E.    The Court, having considered all matters submitted to it at the

Fairness Hearing, along with all prior submissions by the parties to the Settlement and

others, and otherwise having determined the fairness, reasonableness and adequacy of the

proposed Settlement of the Released Claims against the Released Persons, as defined

below.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED:

1.    The Court finds that the distribution of the Notice, the publication

of the Summary Notice and the notice methodology, all implemented in accordance with

the terms of the Stipulation and this Court's Preliminary Approval Order:

(a)    constituted the best practicable notice to the Shareholders under

the circumstances of these Derivative Actions;

(b)    were reasonably calculated, under the circumstances, to apprise the

Shareholders of (*i*) the settlement of the Derivative Actions, (*ii*) their right to object to

any aspect of the Settlement, (*iii*) their right to appear at the Fairness Hearing, either on

their own or through counsel hired at their own expense, and (*iv*) the binding effect of

this Judgment approving the Settlement in these Derivative Actions, whether favorable or

unfavorable, on Shareholders;

(c)    were reasonable and constituted due, adequate and sufficient notice

to all persons entitled to be provided with notice; and

(d)    fully satisfied all applicable requirements of the Federal Rules of

Civil Procedure, the United States Constitution, the Rules of the Court, and any other

applicable law.

3

2.      The Court finds that it has personal jurisdiction over all

Shareholders and that the Court has subject matter jurisdiction to approve the terms of the

Stipulation, including its exhibits, and including all documents submitted to the Court in

connection with the implementation of this Settlement.

3.      The Court finds that the terms and provisions of the Stipulation

were entered into by the parties thereto in good faith and are hereby fully and finally

approved as fair, reasonable and adequate as to, and in the best interests of, each of the

parties and the Shareholders, and consistent and in compliance with all applicable

requirements of the Federal Rules of Civil Procedure, including Rule 11, the United

States Constitution, the Rules of the Court and any other applicable law. The parties and

their counsel are hereby directed to implement and consummate the Settlement according

to the terms and provisions of the Stipulation and this Judgment Approving Settlement

and Dismissing Derivative Actions (the "Judgment").

4.      The Court finds that all Shareholders are bound by this Judgment.

5.      As agreed by Plaintiffs, Freddie Mac and Morgan Stanley in the

Stipulation, Morgan Stanley shall cause five annual payments of $900,000 each to be

made to Freddie Mac by wire transfer. The first payment of $900,000 shall be made on

September 30, 2006. Additional payments of $900,000 each shall be made on September

30, 2007, September 30, 2008, September 30, 2009 and September 30, 2010 (together

with the first payment, the "Settlement Payments"). The total amount to be paid by

Morgan Stanley to Freddie Mac pursuant to this Settlement shall be $4,500,000. Unless

the payments are untimely, no interest shall accrue or be payable on these amounts. Any

interest due as a result of untimely payment shall be the responsibility of Morgan Stanley,

4

and Freddie Mac shall have no liability for the payment of such interest.  In the event that any Settlement Payment comes due and owing prior to the Effective date, then such Settlement Payment will be held in escrow at a bank to be agreed upon by the parties hereto, pursuant to an escrow agreement that is agreeable to the parties hereto.

6.      The Derivative Actions are hereby dismissed against Morgan Stanley on the merits and with prejudice as against Plaintiffs, Freddie Mac, and all Shareholders of Freddie Mac, both directly and derivatively, without fees or costs to any party except as otherwise provided in this Judgment. The Court finds that the Complaints in the Derivative Actions were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure.

7.      Any and all claims, rights, causes of action, suits, and demands, known or unknown, that were asserted or that could have been asserted against Morgan Stanley and each of its present and former parents, subsidiaries, divisions and affiliates, the present and former employees, members, partners, principals, officers and directors of each of them, the present and former attorneys, advisors, trustees, administrators, fiduciaries, consultants, representatives, accountants and auditors, insurers, and agents of each of them, and the predecessors, estates, heirs, executors, trusts, trustees, administrators, successors and assigns of each, and any person or entity which is or was related to or affiliated with any of the foregoing or in which any of the foregoing persons and entities has or had a controlling interest (collectively, the "Released Morgan Stanley Persons") in the Derivative Actions including, without limitation, any actions, events or omissions described in or relating to (i) the Demand Letters, (ii) the earnings restatement that Freddie Mac announced in 2003, (iii) the Report of the Special Examination of

5

Freddie Mac, Office of Federal Housing Enterprise Oversight ("OFHEO"), dated December 2003, (iv) the Report to the Board of Directors of the Federal Home Loan Mortgage Corporation, Internal Investigation of Certain Accounting Matters, dated July 22, 2003, or (v) the Supplemental Report to the Board of Directors of the Federal Home Loan Mortgage Corporation Regarding the Investigation of Certain Accounting and Related Matters, dated November 18, 2003 (the "Released Morgan Stanley Claims"), are hereby compromised, extinguished, settled, released and dismissed with prejudice.

8.      Any and all claims for contribution, indemnification or attorneys' fees arising out of the Derivative Actions (the "Released Plaintiffs Claims") against Freddie Mac and Plaintiffs and each of their counsel, present and former parents, subsidiaries, affiliates, employees, trustees, beneficiaries, officers, insurers, agents, attorneys, accountants, and consultants (the "Released Plaintiffs Persons"; the Released Morgan Stanley Persons and the Released Plaintiffs Persons are collectively referred to as the "Released Persons") are hereby compromised, extinguished, settled, released and dismissed with prejudice.  Provided, however, that nothing in such release shall affect any other existing contractual obligations between Morgan Stanley and Freddie Mac, including, without limitation, contractual obligations arising out of so-called "J-Deals", described at paragraph 284 of the Verified Amended Shareholder Derivative Complaint filed in the Esther Sadowsky Testamentary Trust Action, except as provided in paragraph 12 below.  The Released Morgan Stanley Claims and the Released Plaintiffs Claims are collectively referred to as the "Released Claims".

9.      The terms and provisions of the Stipulation and of this Judgment are binding on Plaintiffs, Freddie Mac, and the Shareholders, and they are hereby

6

permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Morgan Stanley Claims against any Released Morgan Stanley Persons.

10.     The terms and provisions of the Stipulation and of this Judgment are binding on Morgan Stanley, and it is hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Plaintiffs Claims against any Released Plaintiffs Persons.

11.     The terms and provisions of the Stipulation and of this Judgment are also binding on any non-settling party in the Derivative Actions or in the securities class actions consolidated in the case captioned *In re Federal Home Loan Mortgage Corp. Securities and Derivative Litigation*, MDL 1584 (JES), and they are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any claims against any Released Persons arising out of the non-settling party's potential liability in the Derivative Actions or in the securities class actions.

12.     Morgan Stanley hereby waives and is permanently barred from asserting any rights or claims for indemnification or advancement of litigation expenses against Freddie Mac related to the complaint filed by the Esther Sadowsky Testamentary Trust on March 4, 2005.

13.     The release forever discharges the Released Persons from any claims or liabilities arising from or related to the Released Claims and is effective on the date the Settlement is final (the "Final Settlement Date"), which shall be either (a) upon the entry by the Court of the Judgment and when the applicable period for the appeal of

7

the Judgment shall have expired without an appeal having been filed; or (b) if an appeal is taken, upon entry of an order affirming the Judgment and when the applicable period for the appeal of such affirmance of the Judgment shall have expired without an appeal having been filed, or upon entry of any stipulation dismissing any such appeal with no right of further prosecution of the appeal; or (c) if an appeal is taken from any decision affirming the Judgment, upon entry of an order in such appeal finally affirming the Judgment without right of further appeal or upon entry of any stipulation dismissing any such appeal with no right of further prosecution of the appeal.

      (a)    Upon the Final Settlement Date, Plaintiffs, Morgan Stanley and the Shareholders, including Shareholders who are parties to any other actions, arbitrations, or other proceedings against any of the Released Persons that are pending on the Final Settlement Date, shall be deemed to have, by operation of law and this Judgment, fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against the Released Persons, and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting any such Released Claim against the Released Persons.

      (b)    With respect to any and all Released Claims, Plaintiffs and Freddie Mac expressly waive, and each of Freddie Mac's other Shareholders shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by California Civil Code Section 1542, which provides "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE

TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR", any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542, or any other provision that would otherwise act to limit the effectiveness or scope of the releases. Plaintiffs, Freddie Mac, and Freddie Mac's other Shareholders having acknowledged the significance and consequence of this waiver of these provisions, waive these provisions and protections, assume full responsibility for any loss that may be incurred by reason of such waiver, and hereby release unknown and unsuspected claims. Plaintiffs and Freddie Mac expressly acknowledge, and Freddie Mac's other Shareholders shall be deemed to have expressly acknowledged, that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but Plaintiffs and Freddie Mac shall expressly have, each of Freddie Mac's other Shareholder shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Freddie Mac acknowledge, and Freddie Mac's other Shareholders shall be deemed to have acknowledged, and by operation of this

9

Judgment shall have acknowledged. that the foregoing waiver was separately bargained for and a key element of the Settlement of which this Release is a part. Provided, however, that nothing in this paragraph shall be construed as a release of any rights based on any other contractual obligations between Freddie Mac and Morgan Stanley as described in the penultimate sentence of paragraph 8 of this Judgment.

14.     Derivative Counsel is hereby awarded attorneys' fees in the amount of $1,206,017.87, plus pro rata interest, and expenses in the amount of $143,982.13, plus pro rata interest. This award shall be paid in five equal installments by Freddie Mac from the Settlement Payments by wire transfer.   Each payment installment shall be made by Freddie Mac by wire transfer within ten (10) business days of the receipt of each of the annual payments described in paragraph 5 above.  Morgan Stanley shall not be liable for any fees or expenses of Plaintiffs, of any present or former shareholder of Freddie Mac, or of any of their attorneys, experts, advisors, agents or representatives in connection with the Derivative Actions.  Neither Freddie Mac nor Morgan Stanley shall have any responsibility for the allocation of the fees, costs and expenses awards among Derivative Counsel, which allocations shall be made jointly by Weiss & Lurie, Stull, Stull & Brody and Greenfield & Goodman, LLC in a manner that reflects the contributions of such counsel to the prosecution and settlement of the Derivative Actions.

15.     Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation or this Judgment.

16.     The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the

10

Stipulation and all exhibits attached to the Stipulation, provided that such amendments, modifications and expansions of the Stipulation are not materially inconsistent with this Judgment and do not materially limit the rights of the Shareholders under the Stipulation.

17.     The finality of this Judgment shall not be affected, in any manner, by rulings that any appellate court may make with respect to any award of attorneys' fees and expenses to Derivative Counsel. There shall be no distribution of any of the Settlement Payments to Freddie Mac or any fees and expense reimbursements awarded to Derivative Counsel until this Judgment is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

18.     The Court reserves jurisdiction over the Derivative Actions, including all future proceedings concerning the effectuation and consummation of the Settlement and the enforcement, construction and interpretation of the Stipulation, and over Morgan Stanley, Plaintiffs and Freddie Mac in connection therewith, and any action arising under or to enforce this Settlement shall be commenced and maintained only in this Court.

SO ORDERED.

Hon. John E. Sprizzo
United States District Judge

Dated: _/0-2 6_, 2006.

New York, New York

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON ___/0/27/0___

11