UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | | |
|---|---|---|
| N.A. Lambrecht and Jeffrey P. Jannett, Derivatively on Behalf of Nominal Defendant Eli Lilly & Company | : : : : | |
| Plaintiffs, | : : | C.A. No. 1:08-cv-0068-WTL-TAB |
| v. | : : | |
| Sidney Taurel, John C. Lechleiter Sir Winfreid Bischoff, J. Michael Cook, Franklyn G. Pendergast, Kathi P. Seifert, George M. Fisher, Alfred G. Gilman, Martin S. Feldstein, J. Erik Fyrwald, Ellen R. Marram, Sir John Rose, Charles E. Golden, Steven C. Beering, August M. Watanabe, Linda Lay, Randall L. Tobias and J. Clayburn LaForce, Jr., | : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants | : : | |
| -and- | : : | |
| ELI LILLY & COMPANY, | : : | |
| Nominal Defendant. | : : | |

_____

**DECLARATION OF KAREN L. MORRIS IN SUPPORT OF
FINAL APPROVAL OF PROPOSED SETTLEMENT AND THE
<u>AWARD OF ATTORNEYS' FEES, INCLUSIVE OF EXPENSES</u>**

I, Karen L. Morris, hereby declare:

1.     I am a partner in the firm of Morris and Morris LLC Counselors At Law. I am submitting this declaration in support of final approval of the proposed Settlement and the application for an award of attorneys' fees, inclusive of expenses, in the Derivative Actions (as

defined in the Stipulation of Settlement, executed on February 25, 2010 (Docket # 69-1) on behalf of Nominal Defendant Eli Lilly & Co. I am over the age of 21, have personal knowledge of the facts stated herein, and, if sworn as a witness, can competently testify to the facts stated herein.

2. Attached as Exhibit A hereto is a chart of aggregate lodestar of all Plaintiffs' Counsel's firms for work performed in connection with the prosecution of the Derivative Actions, broken down by categories of activities undertaken, from the inception of the actions until approximately November 2009, immediately prior to the parties' mediation of attorneys' fees. The chart reflects total hours expended in the litigation of the Derivative Actions up to this point of 11,697.25, resulting in an aggregate lodestar of $6,414,511.25. No time spent in connection with Plaintiffs' Counsel's mediation of or application to the Court for attorneys' fees is reflected in this Chart, or is included in lodestar information provided to the Court.

3. I offer for the Court's convenience the following summary discussion of the principal tasks undertaken in each of the categories of activities set forth in the chart at Exhibit A. For the further convenience of the Court, I provide cross-references to relevant paragraphs of the Joint Declaration of Karen L. Morris and Richard D. Greenfield in Support of Final Approval of Proposed Settlement, Award of Attorneys' Fees, Inclusive of Expenses, and Payment of Incentive Award to Named Plaintiffs ("Joint Attorney Declaration") filed simultaneously herewith.

4. Category 1 reflects work done in connection with the investigation and research in support of the demand letters and derivative complaints, motion practice in the Eastern District of New York and appearance and coordination with the courts in the multiple jurisdictions involved in the Derivative Actions (*see* Joint Attorney Declaration ¶¶ 4-7, 11-16). Principal

tasks reflected under this category include factual investigation and analysis and legal research undertaken in support of the drafting of the demand letters; additional factual investigation and legal analysis undertaken in support of the drafting of the Derivative Complaints by the Executive Committee firms; legal research and factual analysis and drafting the opposition to Defendants' motion to dismiss filed in the Eastern District of New York; preparation for and attendance at Court hearings and continued coordination with the courts in each of the three jurisdictions over the course of the litigation of the Derivative Actions; and legal research, factual analysis and drafting of the Preliminary Approval Brief, including discussions with Defendants' Counsel in connection with same.

5. Category 2 reflects work done in connection with the research, analysis, design and drafting of Plaintiffs' governance, compliance and medical risk management proposals provided to Defendants between September 2008 and May 2009. Principal tasks reflected under this category include the substantial work done by Plaintiffs' Counsel in connection with the drafting of the Work Plan (*see* Joint Attorney Declaration ¶¶ 41-42); legal and factual analysis, research and drafting of substantive memoranda in support of the design and drafting of Plaintiffs' detailed proposals (*see* Joint Attorney Declaration ¶¶ 43-45); the design and drafting of the nine specific annotated proposals, supporting research and analysis and provision of annotations (*see* Joint Attorney Declaration ¶ 46-48, 51); and work with Plaintiffs' experts in developing the proposals (*see* Joint Attorney Declaration ¶¶ 49-50).

6. Category 3 reflects work done in connection with the discovery management, document review and analysis, and the drafting of merits-related memoranda (*see* Joint Attorney Declaration ¶¶ 22-38). Principal tasks reflected under this category include time spent by Plaintiffs' Counsel in drafting discovery requests and coordinating with Defendants' Counsel

regarding the production of documents; discovery management and oversight, creation of the discovery plan; conversion of production to OCR readable format and distribution of discovery to designated counsel; review and analysis of documents, including the seventy (70) employee and expert deposition transcripts and exhibits and the drafting of the deposition summaries; and time spent, predominately by the Greenfield Firm, in the research, analysis and drafting of comprehensive merits-related memoranda. This category reflects work on the damages issues in the litigation as well (*see* Joint Attorney Declaration ¶ 44).

7.  Category 4 reflects work done in connection with the preparation and attendance at meetings and the coordination of the action among counsel. The principal task reflected under this category is the preparation for and attendance by Co-Chair Counsel at the multiple meetings with Counsel for Defendants and the SLC regarding Plaintiffs' proposals (*see* Joint Attorney Declaration ¶¶ 52-55). This category also reflects coordination and communication among counsel, including work in the negotiation and drafting of the Settlement Process Agreement (*see* Joint Attorney Declaration ¶ 8); and work in the drafting and coordination among Plaintiffs' Counsel of the Coordination Agreement (*see* Joint Attorney Declaration ¶¶ 17-19).

8.  Category 5 reflects work done in connection with the settlement negotiations and the drafting of documents in support of preliminary approval of the Settlement (*see* Joint Attorney Declaration ¶¶ 57, 61-62, 64, 68-69). Principal tasks reflected under this category include the active negotiation of the Term Sheet provisions and terms of the Stipulation of Settlement between June and December 2009; work on the drafting of the individual Notice, including discussions with Defendants' Counsel in connection with same; work with experts in connection with drafting expert reports; and work on the other documents provided as exhibits to the Stipulation.

9. Category 6 reflects work done in connection with the mediation (*see* Joint Attorney Declaration ¶¶ 58-60). Principal tasks reflected under this category include the factual analysis and legal research and drafting of Plaintiffs' Mediation Submission; work undertaken thereafter in preparation for the mediation session, including the analysis and drafting of additional memoranda; and attendance at the mediation session in New York City.

10. Attached as Exhibit B hereto is a true and correct copy of a chart of the aggregate expenses, totaling $424,746.48, incurred by all Plaintiffs' Counsel's firms in connection with the litigation of the Derivative Actions, broken down by specific categories of expenses.

11. Attached as Exhibits C through L hereto are true and correct copies of individual firm declarations, including separate expense charts and firm resumes for each firm, as follows:

> Exhibit C – Declaration of Karen L. Morris in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit D – Declaration of Richard D. Greenfield in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit E – Declaration of James P. Strenski in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit F – Declaration of David C. Campbell in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit G – Declaration of Laurence D. Paskowitz in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit H – Declaration of Beth A. Keller in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit I – Declaration of Karin E. Fisch in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit J – Declaration of Andrew J. Brown in Support of Petition for Attorneys' Fees, Inclusive of Expenses
>
> Exhibit K – Declaration of Brian Robbins in Support of Petition for Attorneys' Fees, Inclusive of Expenses

> Exhibit L – Declaration of Paul T. Warner in Support of Petition for Attorneys' Fees, Inclusive of Expenses

12. Attached as Exhibits M through O hereto are true and correct copies of the invoices of each of the experts Plaintiffs retained in connection with the design and drafting of governance, compliance and medical risk management proposals and the negotiation and settlement of the Derivative Actions, as follows:

> Exhibit M – Dr. Mitchell Glass
>
> Exhibit N – Mr. James Lam
>
> Exhibit O – Professor Donald J. Langevoort

13. Attached as Exhibit P hereto is a true and correct copy of the invoice of retired United States Magistrate Judge Edward A. Infante, who was retained to act as a mediator in the settlement negotiations in connections with the Derivative Actions.

Under penalties as provided by law, the undersigned certifies that the statements as set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Date: April 1, 2010

_____
Karen L. Morris