UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| N.A. Lambrecht and Jeffrey P. Jannett, Derivatively on Behalf of Nominal Defendant Eli Lilly & Company | : : : : | |
| Plaintiffs, | : : | C.A. No. 1:08-cv-0068-WTL-TAB |
| v. | : : | |
| Sidney Taurel, John C. Lechleiter Sir Winfreid Bischoff, J. Michael Cook, Franklyn G. Pendergast, Kathi P. Seifert, George M. Fisher, Alfred G. Gilman, Martin S. Feldstein, J. Erik Fyrwald, Ellen R. Marram, Sir John Rose, Charles E. Golden, Steven C. Beering, August M. Watanabe, Linda Lay, Randall L. Tobias and J. Clayburn LaForce, Jr., | : : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants | : : | |
| -and- | : : | |
| ELI LILLY & COMPANY, | : : | |
| Nominal Defendant. | : | |

**DECLARATION OF JAMES P. STRENSKI IN SUPPORT OF
PETITION FOR ATTORNEYS' FEES, INCLUSIVE OF EXPENSES**

I, James P. Strenski, hereby declare:

1. I am a partner in the firm of Cantrell, Strenski & Mehringer, LLP. I am submitting this declaration in support of the application for an award of attorneys' fees, inclusive of expenses, in connection with the services rendered in the course of the litigation of the

Derivative Actions (as defined in the Stipulation of Settlement, executed on February 25, 2010 (Docket # 69-1) on behalf of Nominal Defendant Eli Lilly & Co.  I am over the age of 21, have personal knowledge of the facts stated herein, and, if sworn as a witness, can competently testify to the facts stated herein.

2. My firm has incurred a total of 28.30 hours from the inception of the Derivative Actions through December 1, 2009.  The hourly rates and lodestar of attorneys and paralegals from my firm principally responsible for the litigation of the Derivative Actions are as follows:

| NAME | HOURLY RATE | LODESTAR |
|---|---|---|
| James Strenski (P) | 350.00 | 6,720.00 |
| Catherine Haines (A) | 250.00 | 1,825.00 |
| Dureen Gaskin (PL) | 155.00 | 279.00 |

3. The total lodestar for the work performed by these counsel and paralegals equaled $8,824.00.  Since December 1, 2009, my firm has expended an additional $7,885.50 in lodestar in connection with the preliminary and final approval process.  This information was prepared from contemporaneous time records regularly prepared and maintained by my firm.  Time spent in preparing this declaration in support of my firm's application for fees and reimbursement of expenses, and any other time related to billing or periodic time reporting, has not been included in this chart summarizing my firm's hours and lodestar.

4. My firm incurred a total of $460.90 in unreimbursed expenses in connection with the prosecution of the Derivative Actions, broken down into categories in the chart attached hereto as Exhibit 1.

5. The expenses incurred pertaining to this case are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers and check records prepared in the normal course of business, and are an accurate record of the expenses incurred.

6.      With respect to the standing of counsel in this case, attached hereto as Exhibit 2 is a brief biography of my firm.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on MARCH 15, 2010, at INDIANAPOLIS, INDIANA.

_____
James P. Strenski

# EXHIBIT 1

# ELI LILLY
## SHAREHOLDER DERIVATIVE ACTION
## CANTRELL, STRENSKI & MEHRINGER, LLP
## EXPENSE CATEGORY BREAKDOWN
## PERIOD: 03/01/09 TO 03/10/10

| CATEGORY | CURRENT AMOUNT | TOTAL TO DATE |
|---|---|---|
| Experts and consultants | | |
| Court Costs | | |
| Transcripts | | |
| IT and Document Management Costs | | |
| Conference call services | | |
| Plane, train and taxi | | |
| Meals | | |
| Hotel | | |
| Copying Costs | | $2.88 |
| FedEx/UPS/Messenger service | | |
| Long Distance Telephone | | |
| On-line research | $458.02 | $458.02 |
| **TOTAL** | $460.90 | $460.90 |

# EXHIBIT 2

**CANTRELL, STRENSKI & MEHRINGER, LLP**
10 West Market St., Suite 2400
Indianapolis, IN 46204
(317) 352-3500
(317) 352-3501 (f)

Cantrell, Strenski & Mehringer, LLP is a law firm whose practice is primarily focused on insurance and business litigation. The firm has represented insurers at every stage of coverage disputes, including bad faith claims, through trial and appeal. The firm also specializes in representing insurers and small business owners in mass toxic tort litigation, including asbestos litigation.

The Partners:

Dennis F. Cantrell is a graduate of Wabash College (B.A. 1982) and of the Indiana University School of Law – Indianapolis (J.D. 1986). Mr. Cantrell previously practiced for 23 years with the Indianapolis law firm of Bingham McHale, LLP, and was a partner there prior to founding the current firm in 2009 with partners James P. Strenski, Susan E. Mehringer, and Barbara A. Jones. Mr. Cantrell has extensive experience in all aspects of civil litigation including: products liability, professional liability, asbestos litigation defense, construction defect litigation, mold litigation, bad faith litigation, insurance coverage, third party defense, environmental and other insurance coverage. He was former National Coordinating Counsel for Environmental Coverage for a major property and casualty insurer and currently represents the largest insurer in the nation in bad faith litigation in Indiana. Mr. Cantrell is admitted to the Indiana State Bar and the United States District Courts for the Northern and Southern Districts of Indiana.

James A. Strenski is a graduate of Georgetown University (B.S. 1990) and Indiana University School of Law – Bloomington (J.D. 1994). Mr. Strenski also was a partner at the

1

Indianapolis law firm of Bingham McHale, LLP prior to founding Cantrell, Strenski, & Mehringer, LLP. Mr. Strenski practiced with Bingham McHale from 1994 – 2009 primarily in the areas of insurance bad faith, insurance coverage and third party defense of insureds. Along with Mr. Cantrell, Mr. Strenski currently represents the largest insurer in the nation in bad faith litigation in Indiana. Mr. Strenski is admitted to the Indiana State Bar and the United States District Courts for the Northern and Southern Divisions of Indiana and has argued cases in front of the Indiana Court of Appeals and the Indiana Supreme Court.

Susan E. Mehringer is also a founding member of Cantrell, Strenski & Mehringer, LLP. She was previously of counsel for two years at the Indianapolis law firm of Bingham McHale, LLP and practiced for 18 years with the Indianapolis law firm of Lewis Wagner, LLP. Ms. Mehringer is a graduate of Indiana University (B.A. 1981) and the Indiana University School of Law – Indianapolis (J.D. 1989) and concentrates her law practice in the areas of insurance litigation and mass toxic tort litigation. Ms. Mehringer has been appointed by a national insurance carrier as the Indiana preferred asbestos counsel. She is admitted to the Indiana State Bar and the United States District Courts for the Northern and Southern Divisions of Indiana.

Barbara A. Jones is a partner at Cantrell, Strenski & Mehringer, LLP. Ms. Jones has concentrated her practice in all aspects of insurance law, particularly insurance coverage for environmental claims, construction defects, advertising injury and other complex insurance coverage issues, and defense of insurers in bad faith litigation. Ms. Jones also defends policyholders in third-party litigation, including but not limited to construction defects, mold and toxic tort litigation. She served as a member of the National Coordinating Counsel for Environmental claims for a major property and casualty insurer. She was later employed as a Home Office Supervisor for environmental claims for American States Insurance Company and

as an Environmental Claims Specialist for Safeco Property & Casualty Insurance Companies where she was responsible for the management, evaluation, and resolution of environmental, toxic exposure, products liability claims, and litigation across the United States. Ms. Jones is a graduate of Indiana University (B.A. 1968) and the Indiana University School of Law – Indianapolis (J.D. 1990). After law school, Ms. Jones served as a law clerk for the Honorable Stanley B. Miller of the Indiana Court of Appeals. Ms. Jones joined Bingham Summers Welsh & Spilman, a predecessor of Bingham McHale as an associate in 1992. After her work with American States and Safeco, Ms. Jones returned to practice as of counsel with Bingham McHale, LLP and joined with partners Cantrell, Strenski and Mehringer to form Cantrell, Strenski & Mehringer, LLP.

Our Practice:

The practice of the Firm has been substantially devoted to insurance and business litigation. Illustrative of the cases in which the firm's partners have participated are the following:

(a) *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267 (Ind. 2009). Ms. Jones was co-counsel in an Amicus filing on behalf of the Indiana Insurance Institute. Facing an environmental damage claim, the appellant, Dreaded, Inc., waited over three years to notify its insurer of the environmental claim. Dreaded sought reimbursement for defense costs and expenses incurred during the pre-notice period. The Indiana Supreme Court held that the insurer's duty to defend the Indiana Department of Environmental Claim did not arise until Dreaded complied with the policy's notice requirement.

(b) *Nat'l Union Fire Ins. Co. of Pittsburgh, PA, et al. v. Standard Fusee Corp.*, 917 N.E.2d 170 (Ind. Ct. App. 2009). Ms. Jones and Mr. Cantrell are counsel for Liberty Insurance

Underwriters, Inc., one of a group of comprehensive general liability primary, excess and umbrella insurers sued by an insured manufacturer alleging the insurers had a duty to defend the insured in underlying proceedings arising from alleged contamination at the insured's sites in Indiana and California. There are several issues involved in this case, including which state law to apply to the action, whether the pollution exclusion applies to preclude coverage, and whether the lower court correctly determined that Standard Fusee's enrollment in the Indiana Department of Environmental Management's Voluntary Remediation Program ("VRP") constituted "a suit" triggering the primary insurers' duty to defend. The insurers argued in the lower court that Maryland law (the insured's headquarters) should apply to both sites, the pollution exclusion applied to negate a duty to defend and the non-adversarial nature of IDEM's voluntary environmental contaminant remediation program did not meet the requirement of "a suit" in the insuring agreements of the policies. The Court of Appeals affirmed the lower court's decision finding the primary insurers had a duty to defend the Indiana VRP, but reversed on the California site finding that California law applied to the California site. The policyholder and the insurers have petitioned for transfer to the Indiana Supreme Court.

(c)     *Estep v. State Farm,* 873 N.E.2d 1021 (Ind. 2007). Mr. Cantrell was counsel in this case brought by an injured third party against State Farm for bad faith after receiving involuntary assignment of bad faith claim from the insured. The Indiana Supreme Court ruled in favor of State Farm that forced assignment of a bad faith claim by the trial court was invalid. The result of the case was a dismissal of an Illinois bad faith lawsuit brought against State Farm.

(d)     *Elbrink v. General Elec. Co.* (Not for Publication memorandum in Case No. 49A02-0711-CV-984, November 17, 2008, Ind. Ct. App.) Ms. Mehringer was counsel for premises owner Whirlpool Corp. in this asbestos exposure litigation. The opinion affirmed the application of the ten-year statute of repose in the Improvement to Real Property statute to premises owners,

and also confirmed that a landowner does not owe any duty to protect independent contractors from injuries that arise out of the ordinary and routine scope of their employment.

(e)     *Straley v. Kimberly, et al.*, 687 N.E.2d 360 (Ind. Ct. App. 1997), rehearing denied, transfer denied. Mr. Strenski was counsel for Defendant/Appellee Gary Straley, a contractor who mistakenly cut a gas service line while excavating at a job site. Plaintiff Straley, a gas company employee called in to fix the leak, was severely burned when an explosion occurred while the gas company was affecting repairs. The Court of Appeals upheld the trial court's granting of summary judgment for all defendants on grounds that the gas company's failure to turn off the gas while repairing the leak was an intervening cause of the explosion as a matter of law. Mr. Strenski argued the case at the trial court, Indiana Court of Appeals, and Indiana Supreme Court on behalf of his client.