UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

N.A. Lambrecht and Jeffrey P. Jannett,      :
Derivatively on Behalf of Nominal            :
Defendant Eli Lilly & Company               :
                                             :
          Plaintiffs,                        :          C.A. No. 1:08-cv-0068-WTL-TAB
                                             :
     v.                                      :
                                             :
Sidney Taurel, John C. Lechleiter            :
Sir Winfreid Bischoff, J. Michael Cook,      :
Franklyn G. Pendergast, Kathi P. Seifert,    :
George M. Fisher, Alfred G. Gilman,          :          JURY TRIAL DEMANDED
Martin S. Feldstein, J. Erik Fyrwald,        :
Ellen R. Marram, Sir John Rose,              :
Charles E. Golden, Steven C. Beering,        :
August M. Watanabe, Linda Lay,               :
Randall L. Tobias and                        :
J. Clayburn LaForce, Jr.,                    :
                                             :
          Defendants                         :
                                             :
     -and-                                   :
                                             :
ELI LILLY & COMPANY,                         :
                                             :
          Nominal Defendant.                 :
_____

**DECLARATION OF PAUL T. WARNER IN SUPPORT OF
PETITION FOR ATTORNEYS' FEES, INCLUSIVE OF EXPENSES**

     I, Paul T. Warner, hereby declare:

     1.     I am a partner in the firm of Warner Law Firm.  I am submitting this declaration

in support of the application for an award of attorneys' fees, inclusive of expenses, in connection

with the services rendered in the course of the litigation of the Derivative Actions (as defined in

the Stipulation of Settlement, executed on February 25, 2010 (Docket # 69-1) on behalf of Nominal Defendant Eli Lilly & Co.  I am over the age of 21, have personal knowledge of the facts stated herein, and, if sworn as a witness, can competently testify to the facts stated herein.

2.　　　My firm has incurred a total of 208.20 hours from the inception of the Derivative Actions through November 4, 2009.  The hourly rates and lodestar of attorneys and paralegals from my firm principally responsible for the litigation of the Derivative Actions are as follows:

| NAME | HOURLY RATE | LODESTAR |
|------|-------------|----------|
| Paul Warner (P) | 525.00 | 48,772.50 |
| Robin Ricks (A) | 300.00 | 14,430.00 |
| Matt Abraham (A) | 300.00 | 9,150.00 |
| Dawn Guillory (A) | 300.00 | 9,000.00 |
| Trinette Larks (PL) | 175.00 | 1,172.50 |

3.　　　The total lodestar for the work performed by these counsel and paralegals equaled $82,525.00.  Since November 4, 2009, my firm has expended an additional $4,512.50 in lodestar in connection with the preliminary and final approval process.  This information was prepared from contemporaneous time records regularly prepared and maintained by my firm.  Time spent in preparing this declaration in support of my firm's application for fees and reimbursement of expenses, and any other time related to billing or periodic time reporting, has not been included in this chart summarizing my firm's hours and lodestar.

4.　　　My firm incurred a total of $559.32 in unreimbursed expenses in connection with the prosecution of the Derivative Actions, broken down into categories in the chart attached hereto as Exhibit 1.

5.　　　The expenses incurred pertaining to this case are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers and check records prepared in the normal course of business, and are an accurate record of the expenses incurred.

6.      With respect to the standing of counsel in this case, attached hereto as Exhibit 2 is a brief biography of my firm.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 12, 2010, at Cypress, Texas.


_____
                Paul T. Warner

# EXHIBIT 1

**ELI LILLY**
**SHAREHOLDER DERIVATIVE ACTION**
**THE WARNER LAW FIRM**
**EXPENSE CATEGORY BREAKDOWN**
**PERIOD: 10/1/09 – 3/12/10**

| CATEGORY | CURRENT AMOUNT | TOTAL TO DATE |
|---|---|---|
| Experts and consultants | | |
| Court Costs | | $380.00 |
| Transcripts | | |
| IT and Document Management Costs | | |
| Conference call services | | |
| Plane, train and taxi | | |
| Meals | | |
| Hotel | | |
| Copying Costs | | $101.75 |
| FedEx/UPS/Messenger service | | $22.77 |
| Long Distance Telephone | $7.60 | $54.80 |
| On-line research | | |
| **TOTAL** | **$7.60** | **$559.32** |

# EXHIBIT 2

*THE WARNER LAW FIRM*
*11123McCracken Circle, Suite A*
*Cypress, TX  77429*
*Telephone:  (281) 664-7777*
*Facsimile:  (281) 664-7774*

**FIRM PROFILE:**  *The Warner Law Firm was founded in April 2006 by Paul T. Warner. Although the firm is based in Houston, Texas, its practice is nationwide in scope, and includes representation of clients from all across the United States. The firm's practice is primarily concentrated on representing investors and consumers in shareholder derivative and class action litigation. The firm also handles a wide variety of other types of cases, however, including medical malpractice, nursing home litigation, all areas of personal injury trial law, product liability, consumer protection, and commercial litigation.*

## ATTORNEYS

**Paul T. Warner**

**Admitted**: 1994, State Bar of Texas; 2000, U. S. District Court, Southern District of Texas; 2002, U.S. District Court, Eastern, Western, and Northern Districts of Texas; 2003, U.S. Court of Appeals, Fifth Circuit. **Education:**  University of Texas at Austin (B.A. 1990); Texas Tech University School of Law (J.D., 1994). **Member:**  Jefferson County, Houston and American Bar Associations; State Bar of Texas; The Association of Trial Lawyers of America, Texas Trial Lawyers Association. **PRACTICE AREAS**: Class Action Litigation; Shareholder Derivative and Securities Litigation; Personal Injury; Product Liability; Consumer Protection; Medical Malpractice; Nursing Home Neglect; Toxic & Environmental Torts.

**Dawn M. Guillory**

**Admitted:** 2005, State Bar of Texas. **Education:** Dillard University (B.A. *Cum Laude* 2002); Loyola University School of Law (J.D. 2005). **Member:** Houston and American Bar Associations; State Bar of Texas; The Association of Trial Lawyers of America, Delta Theta Phi. **PRACTICE AREAS:** Personal Injury; Product Liability; Consumer Protection; Shareholder Derivative and Securities Litigation.

**Matthew B. Abraham**

**Admitted:** 2001, State Bar of Texas; 2005, U. S. District Court, Eastern District of Texas. **Education:** Southern Methodist University (B.B.A. 1998); University of Houston Law Center (J.D. 2001). **Member:** Houston, Dallas County, and American Bar Associations; State Bar of Texas; Texas Trial Lawyers Association. **PRACTICE AREAS:** Consumer Protection; Product Liability; Personal Injury; Class Action Litigation; Shareholder Derivative and Securities Litigation.

### *Representative Cases*

The following are some of the settlements and verdicts which have been obtained by The Warner Law Firm and by Paul Warner:

### *Toxic & Mass Tort:*

Cause No. 90-63442; *Eura D. Charles, et al v. Kings Park Apartments, et al;* In the 80th Judicial District Court of Harris County, Texas. *Charles* involved the improper application of Chlordane at an apartment complex. The case involved approximately 350 former tenants who were exposed to harmful levels of pesticide. (Multimillion-dollar settlement)

Civil Action No. 91-2067 PHX WPC; *Maurice L. McIntire, et al v. Motorola, Inc.;* In the United States District Court for the District of Arizona. *McIntire* involved approximately 1,000 persons who instituted litigation against Motorola in connection with P.C.E. and T.C.E. releases from its manufacturing facilities near Phoenix, Arizona. The releases led to the sites being classified as federal super-fund sites, and caused groundwater contamination and various personal injuries and property damage. (Confidential settlement) (Hon. Paul Rosenblatt)

Cause No. CV-97-P-0595-W; *Rodney Wesley et al v. Colonial Pipeline Company;* In the United States District Court Northern District of Alabama. *Wesley* was a multi-state class action settlement, which required a petroleum pipeline company to accelerate and upgrade its compliance with federal regulations and enhanced maintenance practices. (Chief Judge Sam C. Pointer, Jr.)

Cause No. PJM-00-1429; *Williams, et al v. Potomac Electric Power Co.;* In the United States District Court for The District of Maryland (Southern Division). *Williams* was a class action involving property damages to riparian property owners and watermen who sustained economic losses as a result of a pipeline rupture and fuel spill along the Patuxent River in Southern Maryland. The incident was the single worst environmental disaster in Maryland history. A settlement class was certified, and a multi-million dollar settlement was obtained. (Hon. Peter J. Messitte)

Cause No. B-146, 864; *David Mack Albright v. Aeroquip Corp., et al*; In the 60th Judicial District Court of Jefferson County, Texas. *Albright* was a consolidated action involving more than 100 plaintiffs and multiple defendants stemming from a September 1991 fire at the Imperial Foods Plant in Hamlet, North Carolina, which killed 25 people and injured more than 80 others. The incident remains the worst industrial accident ever recorded in North Carolina. A multi-million dollar settlement was obtained.

### *Consumer and Employee Protection:*

Cause No. H-01-3913*; Pamela Tittle, et al v. Enron Corp., et al;* In the United States District Court for the Southern District of Texas. Mr. Warner is co-counsel in the consolidated class action representing thousands of former Enron employees who sustained massive losses to their E.R.I.S.A. governed benefit plans as a result of breached fiduciary duties. To date more than $264 million has been recovered on behalf of the class (Hon. Melinda Harmon)

2

Civil Action No. 03-MD-01568 (MDL 1568); *In re Parcel Tanker Shipping Services Antitrust Litigation,* In the United States District Court for District of Connecticut. Mr. Warner is serving as court appointed co-lead counsel on behalf of a class of indirect purchasers of bulk liquid chemicals, edible oils, acids, and other specialty liquids who sustained economic damages as a result of an alleged conspiracy among the defendants to allocate markets and customers and unreasonably restrain trade, thereby artificially inflating the price of shipping services by parcel tankers. (Honorable Alfred Covello)

### *Shareholder Derivative and Securities Litigation:*

Cause No. 2002-25250; *In re Dynegy, Inc. Derivative Litigation;* In the 164th Judicial District Court of Harris County, Texas. Paul Warner served as court-appointed liaison counsel in this consolidated action stemming from the accounting and trading practices of this multinational energy corporation, which led to massively overstated revenues. Mr. Warner successfully argued to the Supreme Court of Texas that a trial court's determination of whether a plaintiff has adequately plead that a demand upon a company's board of directors to initiate a shareholder derivative action would have been a futile and useless act is not an issue justifying interlocutory review. *See In re Dynegy, Inc.,* No. 03-0768, Order (Sup. Ct. Tex., Sept. 8, 2003).  The case was settled after the Company agreed to implement extensive corporate governance reforms including; replacement of 11 members of the Board of Directors and several key officers, adoption of extensive measures specifically designed to increase the independence of the Board of Directors and its various committees, and the establishment of new committees and senior positions to specifically enhance ethics and compliance efforts, as well as the integrity of the Company's financial reports.  The settlement also provided for attorneys' fees of $4,950,000.00, which at the time was the largest fee ever in a Texas shareholder derivative action. (Honorable Martha Hill-Jamison)

Cause No. 416-2147-02; *In re Electronic Data Systems Corporation Derivative Litigation,* In the 366th Judicial District Court of Collin County, Texas. Mr. Warner served as court-appointed co-lead counsel in this consolidated action arising from the accounting practices of one of the nation's largest technical consulting firms which ultimately led the Company to record a loss of $334 million in revenue, and to subsequently pay more than $137 million to settle related Securities and ERISA litigation. The derivative settlement resulted in attorney's fees of $6,000,000.00. (Honorable Chris Oldner)

Cause No. 02-10191; *Bruce Girdauskas and Gary Grady, Derivatively on Behalf of TXU Corp. v. Erle Nye, et al.;* In the 116th Judicial District Court of Dallas County, Texas. Mr. Warner served as lead counsel in this action involving allegations that certain officers and directors of one of Texas's largest utility companies breached their fiduciary duties of loyalty and good faith by causing TXU to issue false and misleading information to its stockholders and the investing public regarding TXU's and TXU Europe's financial results and business prospects. The case was settled in August 2006 after the Company agreed to implement substantial corporate governance measures. The settlement also provided for $101 million in Director and Officer insurance policies to be utilized on behalf of TXU in order to settle a related securities class action. (Honorable Robert H. Frost)

Case No. H-02-0761; *Harbor Finance Partners, Derivatively on Behalf of Hanover Compressor Company v. McGhan, et al.;* In the United States District Court for the Southern District of Texas. The global settlement of the consolidated Hanover Compressor securities, ERISA, and derivative litigation resulted in a recovery of more than $80 million in cash and securities. In addition, and perhaps more importantly, produced corporate governance reforms that were described as "unprecedented" and "groundbreaking". *This Settlement Raises the Governance Bar; Hanover Compressor's Landmark Agreement with Shareholders to Embrace Major Corporate Reforms Could Have Profound Repercussions*, Stephanie Anderson Forest, BusinessWeek Online, May 15, 2003.  (Honorable Vanessa Gilmore)

Cause No. 2002-13602; *John Gebhardt and Marilyn Clark, Derivatively on Behalf of El Paso Corporation v. Byron Allumbaugh, et al.*; In the 295th Judicial District Court of Harris County, Texas. Mr. Warner served as court-appointed co-lead counsel in this consolidated action stemming from an alleged conspiracy to manipulate Western U.S. power and gas markets. The suit alleged that certain of the Company's current and former officers and directors breached fiduciary duties to the Company by participating in or approving conduct that constituted affiliate abuse and abuse of market power. In addition, certain directors were alleged to have breached additional fiduciary duties to El Paso by improperly awarding incentive based bonuses and authorizing improper loans to certain officers. A settlement agreement that provides for sweeping corporate governance changes to be implemented at El Paso was given final approval by the Court on June 26, 2006. Pursuant to the terms of the settlement agreement, plaintiffs recovered $16,750,000 for El Paso from the Directors and Officers liability carriers. (Honorable Tracy Christopher)

Cause No. 352-206106-04; *In re UICI Derivative Litigation*; In the 352nd Judicial District Court of Tarrant County, Texas. Mr. Warner served as court-appointed liaison counsel in this consolidated action involving improper accounting practices in an affiliated division of this diversified financial services company. The case was settled in March 2006 after the company agreed to implement a wide array of enhanced corporate governance reforms. (Honorable Bonnie Sudderth)

Cause No. 03-02641; *Julie Fathergill, Derivatively on Behalf of Michael's Stores, Inc. v. R. Michael Rouleau*, et al; In the 192nd Judicial District Court of Dallas County, Texas. Mr. Warner served as court-appointed liaison counsel in this consolidated action involving improper accounting practices at this national specialty retailer which provides craft ideas and supplies for hobbyists. Shortly after the case was filed the defendants removed the case to federal court, alleging that plaintiff's allegations of federal securities violations had to be adjudicated in order to resolve plaintiff's state law claims. Mr. Warner successfully argued that the allegations of federal securities violations were peripheral to the state law issues, and that the state law allegations did not involve the resolution of a substantial question of federal law. The case was remanded and the plaintiff was awarded her attorneys' fees and costs incurred in connection with defendants' improvident removal. *See Fathergill v. Rouleau*, 2003 U.S. Dist. LEXIS 10654 (N.D. Tex. June 23, 2003.) The case was settled in December 2007 following the company's acquisition by private equity interests. (Honorable Craig Smith)

4

Cause No. 2005-17565; *Paul Kovalsky, Derivatively on Behalf of Input/Ouput, Inc. v. Robert P. Peebler, et al.*; In the 189th Judicial District Court of Harris County, Texas. Mr. Warner was lead counsel in this action involving improper accounting practices at this seismic data company. The case was settled in June 2006 after the company agreed to implement significant governance reforms, including heightened responsibilities for the Audit Committee. (Honorable William Burke)

Civil Action No. 06C127; *Raymond Lynch, Derivatively on Behalf of HCA, Inc. v. Jack O. Bovender, Jr.*; In the Circuit Court for the State of Tennessee, 20th Judicial District Davidson County, at Nashville. Mr. Warner was lead counsel in this action involving improper accounting practices at this international healthcare services company. During the pendency of the litigation the company announced that it intended to consummate a transaction with a private equity consortium that would take the company private. The case was settled in September 2007 after the company agreed to modify the terms of the proposed merger agreement. These modifications included: enhanced appraisal rights for the shareholders, a reduced termination fee in the event the merger was not consummated, and a supplemental proxy statement containing enhanced disclosures to the shareholders. (Honorable Walter Kurtz)

Cause No. 2006-46403; *In re Cyberonics, Inc. Derivative Litigation*; In the 189th Judicial District Court of Harris County, Texas. Mr. Warner served as court-appointed co-lead counsel in this consolidated action involving improper stock option grant practices. The case was settled in March 2008 after the defendants agreed to implement significant corporate governance reforms, including: limiting the award of stock option grants to predetermined dates, elimination of the delegation to management of the authority to make equity grants, and repricing of all unexercised stock options that were improperly awarded to any director who served on the board as of December 2006. The settlement also secured the resignation of the Company's CEO and CFO, and required these officers to adjust the exercise price of certain option grants that they received to reflect a revised measurement date identified in connection with a restatement of the Company's earnings. (Honorable William Burke)

Cause No. DC-06-00286; *Kelly Schrimpf, Derivatively on Behalf of Mannatech, Incorporated v. Samuel L. Caster, et al.*; In the 162nd Judicial District Court of Dallas County, Texas. Mr. Warner was lead counsel in this action which challenged certain sales and marketing practices, as well as certain research and development practices at this global manufacturer and distributor of nutritional supplements. The case was settled in June 2008 after the defendants agreed to significant governance reforms, including: wholesale revision and creation of new marketing and sales policies and practices, retention of a third-party auditor to monitor compliance of the Company's sales representatives with revised and newly established marketing policies and practices, and the creation of a Compliance Committee on the Board of Directors. The settlement also secured the resignation of the Chairman of the Science Committee and member of the Company's Board of Directors. (Honorable Loraine Raggio)

### *Medical Negligence/Pharmaceutical Claims:*

Mr. Warner has successfully litigated a wide variety of medical negligence cases involving orthopedic surgery, ophthalmology, vascular surgery, neurology, gastroenterology,

cardiology, pediatrics, emergency medicine and geriatrics. In addition, he has successfully litigated numerous medical device and pharmaceutical claims in federal and state forums throughout the United States, and continues to represent those injured by defective devices and pharmaceutical products in various multi-district litigations across the country.