UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| N.A. LAMBRECHT and JEFFREY P. JANNETT, Derivatively on Behalf of Nominal Defendant Eli Lilly & Company, | ) ) ) ) |
|    Plaintiffs | ) ) |
|    vs. | )   CAUSE NO. 1:08-cv-68-WTL-TAB ) |
| SIDNEY TAUREL, et al., | ) ) |
|    Defendants, | ) ) |
|    -and- | ) ) |
| ELI LILLY & COMPANY, | ) ) |
|    Nominal Defendant. | ) |

**ADOPTION OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1)(B) the Court designated United States Magistrate Judge Tim A. Baker to issue a report and recommendation regarding the appropriate disposition of the Plaintiffs' Unopposed Motion for Entry of Order and Final Judgment. Magistrate Judge Baker held a fairness hearing, requested and obtained supplemental briefing from the parties regarding the proposed attorney fee award of $8.75 million, and entered his Report and Recommendation in which he found that the terms of the Stipulation and Settlement reached by the parties, including the requested attorney fees, were fair, reasonable, and adequate and in the best interests of Eli Lilly & Company and its shareholders.

Now before the Court is an objection to Magistrate Judge Baker's Report and Recommendation filed pursuant to 28 U.S.C. § 636(b)(1). The objection was filed by Ezra Shashoua, Trustee of the Shashoua Living Trust, on behalf of the Trust, which is the owner of

2110 shares of Eli Lilly & Company stock.  Unfortunately, the Shashoua Living Trust may not appear in federal court pro se, but rather must be represented by an attorney, and while Mr. Shashoua mentions in one of his filings that he "was previously a practicing lawyer," he does not purport to represent the Trust as an attorney, but rather as its trustee.  This he cannot do.  *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se,' has no right to represent another entity, i.e., a trust, in a court of the United States.") (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir.1987) ("He may not claim that his status as trustee includes the right to present arguments pro se in federal court.") and 28 U.S.C. § 1654); *cf. U.S. v. Hagerman*, 545 F.3d 579 (7th Cir. 2008) (limited liability company, like corporation, may not proceed pro se in federal court because "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity").

Even if it were appropriate for the Court to consider the objection filed by Mr. Shashoua on behalf of the Trust, the arguments raised in the objection would not persuade the Court that it is inappropriate to adopt Magistrate Judge Baker's recommendation regarding the settlement. Mr. Shashoua states that he objects to Magistrate Judge Baker's determination that the 1.25 fee multiplier proposed for Plaintiff's counsel is appropriate.  However, as the Plaintiffs point out in their response to the objection, Mr. Shashoua does not actually address the propriety of the multiplier, but instead argues that the litigation itself was unnecessary because, he argues, substantially the same results could have been achieved if the Plaintiffs had instead offered a proposed shareholders' resolution at Eli Lilly's annual shareholders' meeting.  For the reasons discussed extensively in the response to the objection, the Court finds that Mr. Shashoua has

failed to demonstrate that such action by the shareholders was a viable alternative to litigation.

Mr. Shashoua also objects to the amount of the attorney fee award, arguing that a special master should be appointed to review Plaintiffs' counsel's time sheets to eliminate what he characterizes as excess time billed and duplication of effort, especially by attorneys who Mr. Shashoua believes acted outside of the scope of the litigation committee to which they were assigned.  While there is undoubtedly room for improved efficiency in any litigation process, Mr. Shashoua's particular objections in this case essentially amount to speculation that certain hours billed by counsel were unnecessary.  The fact is that the amount of the attorney fee award in this case was arrived upon through an arms-length mediation process between the Plaintiffs and Eli Lilly and its insurance carrier with the help of an experienced former United States Magistrate Judge.  Considering that fact, and having reviewed the parties' filings and the transcript of the hearing held by Magistrate Judge Baker, the Court determines that the amount of the fee award is fair and reasonable given the complexity of the issues in this case and the results obtained.

For the reasons set forth above, the Court hereby **ADOPTS** the Report and Recommendation of Magistrate Judge Baker [Dkt. No. 98] in its entirety.  Accordingly, the Stipulation of Settlement [Dkt. No. 69, Exh. 1] is approved in its entirety and the parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation of Settlement and the Report and Recommendation.

SO ORDERED: 07/27/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification