# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| N.A. LAMBRECHT and JEFFREY P. JANNETT, Derivatively on Behalf of Nominal Defendant Eli Lilly & Company, <br><br>  Plaintiffs <br><br>  vs. <br><br> SIDNEY TAUREL, et al., <br><br>  Defendants, <br><br>  -and- <br><br> ELI LILLY & COMPANY, <br><br>  Nominal Defendant. | CAUSE NO. 1:08-cv-68-WTL-TAB |

## ORDER OF FINAL JUDGMENT AND DISMISSAL

The Court having this dated adopted the Report and Recommendation of the Magistrate Judge approving the Stipulation of Settlement reached by the parties, the Court hereby finds, determines and orders as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same definitions as used in the Stipulation.

2. The Court has jurisdiction over the subject matter of the above-captioned action (the "Federal Derivative Action") and the Settling Parties.

3. Based upon the evidence submitted by Plaintiffs' Counsel, the Court finds that the form and the method of dissemination of both the Settlement Notice and the Summary Notice, as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the

requirements of due process, and constituted due and sufficient notice of the matters set forth therein. A full opportunity has been offered to Lilly Shareholders to object to the Settlement and to participate in the settlement hearing.

4. The Stipulation of Settlement calls for what Plaintiffs' experts describe as "far reaching" provisions that will "place Lilly at the forefront of the industry" in managing its products throughout their life cycles to ensure public safety from drug development through product marketing. [Docket No. 70 at 2; see also Docket No. 71 at 4 (characterizing practices as "far reaching" and "best-in-class" for board governance and oversight).] The Stipulation directs numerous and significant governance changes over the next three years, including adoption of "Product Safety and Medical Risk Management" and "Compliance" Core Objectives. The Stipulation also provides for changes in board-level and management-level positions, and outlines changes in compensation, compliance training, discipline, and monitoring. [Docket No. 69, Ex. 1A].

5. The Court finds that the terms of the Stipulation and Settlement, are fair, reasonable, and adequate, and in the best interests of Lilly and Lilly Shareholders. In making this determination, the Court has considered the substantial benefits the Settlement provides Lilly, taking into account among other factors the risks of establishing liability and proving damages, the complexity, expense, and likely duration of the litigation, and the stage of the proceedings.

6. The Court finds, for settlement purposes, that: (i) the Derivative Actions were properly brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) the Plaintiffs adequately represent the interests of Lilly

Shareholders in enforcing the rights of Lilly.

7.  The Stipulation and the terms of the proposed Settlement are, in all respects, approved, and the Stipulation is incorporated by reference as part of this Order. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.  Subject to the provisions herein, the Court hereby dismisses the Federal Derivative Action with prejudice and in its entirety, on the merits, as against all of the Settling Defendants, with each Settling Party to bear its own costs, except as otherwise set forth herein.

9.  Upon the Effective Date, each of the Releasing Parties on behalf of himself, herself, and/or itself and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties, will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims, and covenant not to bring any Released Claims.

10. Upon the Effective Date, each of the Settling Defendants, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees,

attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasing Parties and Plaintiffs' Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions and/or the Released Claims.

11. Pending the Judgment becoming Final, the Releasing Parties are barred and enjoined from commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties or challenging the Settlement other than in this action in accordance with the procedures established by the Court.

12. Plaintiffs' Counsel are hereby awarded attorneys' fees of $8.75 million, inclusive of expenses, plus interest as set forth in the Stipulation of Settlement. This Court finds that these amounts are fair and reasonable under the facts and circumstances of this case. Payment of such award shall be made in accordance with the provisions of the Stipulation.

13. Named Plaintiffs are hereby awarded incentive payments in an aggregate amount of $35,000, in recognition of their efforts in initiating and pursuing this litigation. This amount shall be paid from the award of attorneys' fees provided for above.

14. To the extent permitted by law, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation.

15. Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Settling Defendants of any fault, wrongdoing or concession of liability whatsoever.

16. Neither this Stipulation nor the attached exhibits shall be offered or received into evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of this Stipulation, except that this Stipulation and the attached exhibits may be filed as evidence of the Settlement or in any action against the Released Parties to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

17. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Claims. No Settling Party may assert in any forum that the Derivative Actions were brought, commenced, or prosecuted by Plaintiffs or their counsel, or defended by the Settling Defendants or their counsel, in bad faith or that the Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Derivative Actions may be brought by any Settling Party.

18. Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation.

19. The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein and this document constitutes the separate document required by Federal Rule of Civil Procedure 58.

20. Any separate appeal from the portion of this Final Order and Judgment awarding attorneys' fees shall not operate to terminate or cancel the Stipulation of Settlement or otherwise affect in any way the finality of this Judgment as regards the Settlement of the Derivative Actions.

21. Entry of the Order and Final Judgment settles and disposes of and discharges all of the Released Claims. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be deemed without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition, and may not be used in any manner or for any purpose in the litigation of any of the Derivative Actions or in any other action or proceeding.

SO ORDERED: 07/27/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification